(March 18, 1889.)

## TERRITORY v. ANDERSON.

[21 Pac. 417.]

PERJURY—SUFFICIENCY OF INDICTMENT.—Where an indictment states the defendant on his oath "falsely, wickedly, and feloniously did say, swear, etc.," is sufficient where a person is charged with the crime of perjury.

ELECTION OATH—REGISTRAR CAN ADMINISTER.—Under the election law, sections 504 and 505 of the Revised Statutes, power is conferred upon the registrar to administer the election oath.

APPEAL from District Court, Bingham County.

J. H. Hawley and J. Ed. Smith, for Appellant.

Richard Z. Johnson and Henry Z. Johnson, for the Territory.

Every objection that the defendant can waive is waived by failure to move in arrest of judgment, specially stating and pointing out the basis of the motion. (*People v. Dick,* 37 Cal. 277; *Cannon v. United States,* 116 U. S. 77, 6 Sup. Ct. Rep. 278.) The oath need not be taken in a judicial proceeding, but may be before any competent tribunal, officer or person in any case in which it may by law be administered; nor does it matter whether the deposition or affidavit is written and signed before or after the oath is administered. (*People v. Kelly,* 59 Cal. 372; *Ex parte Carpenter,* 64 Cal. 267, 30 Pac. 816.) The registrar was competent to administer the oath. (Rev. Stats., secs. 504, 505.) An averment of "knowingly" is not necessary, except in cases where the assignment of perjury is upon the statement by the accused of his belief, or denial of his belief, of the alleged false matter. (*State v. Raymond,* 20 Iowa, 583; 3 Wharton's Criminal Law, 2261; 1 Barbour on Criminal Law, 200; 2 Chitty on Criminal Law, 312; 3 Russell on Crimes, 70.) "Knowingly" is not essential when "falsely," "willfully," and "corruptly" are used. (2 Wharton's Precedents of Indictments, p. 8, note, citing *State v. Sleeper,* 37 Vt. 122.) It is sufficient to charge generally that the false oath was material. (3 Wharton's Criminal Law, sec. 2263; 2 Wharton's Precedents of indictments, pp. 7, 8, note.)

LOGAN, J.—The defendant was indicted, tried, and convicted at the October term, 1888, of the district court of the third judicial district of Idaho, in and for Bingham county, of the crime of perjury. The crime was alleged to have been committed by reason of the defendant having taken an oath known as the "election oath" before one A. M. Carter, registrar of Rexburg precinct in said county, on September 15, 1888. The defendant contends that the indictment does not charge the commission of any offense by him, for the reason that A. M. Carter was not authorized by statute to administer the oath complained of, and that it is not charged in the indictment that the defendant "knowingly" took such oath. Other points are raised by the defendant in his brief in regard to the charge of the court, and in regard to the refusal of the court to admit certain evidence which was offered by the defendant. These we

cannot take notice of. No exception was taken to the charge of the court, and no requests were made to the court by the defendant to charge in his own behalf. The exception taken to the refusal of the court to admit certain testimony was not error. We have no bill of exceptions before us, and no evidence. The testimony was objected to as immaterial, and we have no means of ascertaining whether it was immaterial or not. In regard to the points raised as against the indictment, we think the registrar was competent to administer the oath. While it is true that under the general act, which empowers certain persons to administer an oath, the name of the registrar is omitted, yet, under sections 504 and 505 of the Revised Statutes of Idaho, it is perfectly clear that the legislature intended to, and in fact did, by these sections, confer upon the registrar the power to administer such an oath. In regard to the omission of the word "knowingly" in the indictment, we are perfectly clear that the use of the words "willfully, unlawfully, and feloniously contriving and intending to procure himself to be registered, . . . . upon his oath aforesaid falsely, wickedly, and feloniously did say, swear," etc., is sufficient in a case of this kind. The defendant was called upon to take oath as to certain facts which were necessarily within his own knowledge, facts which pertained to himself alone, and which he was bound to know; and we do not see how he could in any manner be injured by the omission of the word. Section 8236 of the Penal Code of Idaho provides: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right." For the defendant to make the claim he does would seem to us to be of no force whatever. The judgment of conviction is therefore affirmed. Judgment affirmed.

Weir, C. J., and Berry, J., concur.