(February 1, 1892.)

## BONNEY v. STATE.
[29 Pac. 185.]

LIBEL—INFORMATION.—1. Under the statutes of Idaho an information for libel which sets forth the libelous matter *in haec verba,* prefaced with the words "that is to say," is good upon demurrer.
(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Hawley & Reeves, for Appellant.

The language of a libel must be set out in the indictment or information in the very words of the publication. (Maxwell's Criminal Procedure, 317; *Coulson v. State,* 16 Tex. App. 189; Starkie on Slander and Libel, 323; *Commonwealth v. Sweney,* 10 Serg. & R. 173; *Wright v. Clements,* 3 Barn. & Ald.

503.)   And not only must the very words be set out, but the indictment must profess to set them out.   (*Stale v. Goodman,* 6 Rich. 387, 60 Am. Dec. 132; *Commonwealth v. Wright,* 1 Cush. 46; Townshend on Slander and Libel, sec. 329, and notes; Starkie on Slander and Libel, 323; 1 Chitty on Criminal Law, 234; *Commonwealth v. Swency,* 10 Serg. & R. 173.)

George H. Roberts, Attorney General, and T. M. Stewart, for the State.

The words used, "in these words," are equivalent to "according to tenor," etc.   (1 Bishop's Criminal Procedure, 559; Odgers on Slander and Libel, 649.)   It is unnecessary to charge that the paper was circulated or read.   (Rev. Stats., sec. 6741.)   It is no defense that the article was published as "rumored" or "it seems."   (*Skinner v. Powers,* 1 Wend. 451; *State v. White,* 7 Ired. 180, cited in 2 Bishop's Criminal Law, 918; *Hart v. Townsend,* 67 How. Pr. 88.)

HUSTON, J.—The appellant was informed against by the grand jury of the county of Bingham, upon a charge of criminal libel, at the June term, 1891, of the district court for said county.   The defendant demurred generally and specially to the information; demurrer was overruled; trial had on plea of not guilty; verdict of guilty; and judgment and sentence thereon.   This appeal is from the judgment, and the only point urged here is the overruling by the court of the defendant's demurrer to the information.   The defendant contends in support of his appeal that the information "does not profess to set forth the 'alleged libelous matter *in haec verba.*'"   The information charges that the defendant, "on the eleventh day of June, 1891, in an issue of said newspaper" (the name of the newspaper, and that the defendant was the editor and manager thereof, etc., having been already stated in the information), "falsely, willfully and maliciously did compose and publish, and express by printing, certain false, scandalous, malicious and defamatory matters concerning the said M. Patrie, that is to say."   Then follows the article charged to be libelous. It is contended by appellant that the information "does not profess" to set forth the exact words of the libel; that is, that

the libelous matter is not prefaced with the necessary words of identification as "to the tenor and effect following," or the "following words and figures." That the words, "that is to say," in the information, do not supply the required words, or avoid the necessity of their use. In support of this position appellant cites various authorities, English and American, which seem to support his contention; but a reference to section 7687 of the Revised Statutes of Idaho, we think, furnishes a complete answer to appellant's objection. Said section is as follows: "No indictment is insufficient, nor can the trial judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits." And, again, section 8236 of the Revised Statutes of Idaho provides: "Neither a departure from the form or mode prescribed by this code [the Penal Code] in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." Again, in folios 7 and 8 of the information appear these words: "Which said false, scandalous, malicious and defamatory libels hereinbefore mentioned and set forth, the said R. C. Bonney did," etc. It can hardly be seriously contended that the use of the words, "that is to say," instead of the words, "to the tenor and effect following," or, "in the words and figures following," tended to prejudice any substantial right of the defendant. The rule invoked by appellant, and clearly sustained by the authorities cited in that behalf, has no application, under the forms of pleading prescribed by our statute, however correct it might have been at the time and in the jurisdictions where it obtained. We have not the evidence before us, but we have a copy of the libel, and the record of the conviction of the defendant, and we must say that the judgment and sentence of the court were evidently rendered with a full recognition of the recommendation contained in the verdict. The judgment of the district court is affirmed.

Sullivan, C. J., and Morgan, J., concur.