(December 24, 1897.)

## STATE v. RIDENBAUGH.

[51 Pac. 750.]

APPEAL IN CRIMINAL ACTION.—The right of the state to appeal from any decision in favor of a defendant in a criminal case is statutory, and does not exist in any class of cases unless expressly given by statute.

SECTION 9 OF ARTICLE 5 OF CONSTITUTION CONSTRUED.—Section 9, article 5 of the constitution, which provides that: "The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof," does not give the state the right to appeal from a judgment in favor of the defendant in a criminal action.

RIGHT OF STATE TO APPEAL.—The defendant was tried upon a criminal complaint charging a misdemeanor in the probate court of Ada Co. convicted and sentenced to pay a fine, from which judgment of

conviction he appealed to the district court, which last-named court sustained a demurrer to the complaint and rendered judgment in favor of the defendant, dismissing the action; the state appealed from the judgment of the district court. *Held,* that the appeal by the state was not authorized by law, and that the appeal should be dismissed.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

R. E. McFarland, Attorney General, for Appellant, files no brief.

A. A. Fraser, for Respondent.

No brief found on file.

QUARLES, J.—The respondent was tried in the probate court in and for the county of Ada, upon a complaint charging him with the offense of conducting a faro game, as employee of another, was convicted, and sentenced to pay a fine of $200. From said judgment of conviction the respondent appealed to the district court in and for said Ada county. In the district court°the said respondent demurred to the said complaint, on the ground that it did not state a public offense, in this, to wit, that the act of the legislature (see Act March 8, 1897; Sess. Laws 1897, pp. 53-55) under which said complaint was filed was not passed in the manner required by the constitution, as shown by a certified copy of the journals of the legislature relating to the passage of said act, which copy of the said journals was attached to and made a part of said demurrer. The district court sustained the said demurrer and dismissed the action, holding that the said act, commonly called the "Gambling Act," was not constitutionally passed and therefore void. The state then appealed from the judgment sustaining said demurrer. The respondent moved to dismiss this appeal on the ground that this court has no jurisdiction thereof, the same not being authorized by any law of this state. On a brief hearing, and cursory examination of the question involved, we denied the motion to dismiss the appeal, with the suggestion that we desired such further citation of authorities on the question as counsel could

submit on the hearing. The cause was submitted on the brief of respondent, by consent of the state, and we are now cited to several authorities not heretofore considered by us on the motion to dismiss. We will first discuss the question of law raised by the motion to dismiss.

Section 8043 of the Revised Statutes provides that an appeal may be taken by the state to the supreme court in the following cases, to wit: "(1) From a judgment for the defendant on a demurrer to the indictment; (2) from an order granting a new trial; (3) from an order arresting judgment; (4) from an order made after judgment, affecting the substantial rights of the prosecution." Section 9 of article 5 of the constitution is in part as follows: "The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof." We have no statute in this state authorizing the state to appeal from a judgment in favor of a defendant in a criminal action rendered in a justice's or probate court; nor have we any statute authorizing the state to appeal in any criminal action except the statute cited *supra.* The question of difficulty here is, Does the constitutional provision above quoted give the state the right to appeal in all cases decided in favor of the defendant in criminal actions decided in the district court? This question was passed upon by the supreme court of North Carolina in *State v. Lane,* 78 N. C. 547, in *State v. Swepson,* 82 N. C. 541, and in *State v. Powell,* 86 N. C. 640, under a similar constitutional provision to the one in question here; and the court held in each of those cases that the said constitutional provision did not give the state the right to appeal in criminal cases. In *State v. Lane, supra,* the court said: "The act of 1876-77, chapter 154, which establishes the inferior courts, provides for appeals by defendants to the superior courts, but it is silent as to any appeal on the part of the state. It is contended, however, that an appeal is given to the state by article 4, section 8, of the constitution, which says: 'The supreme court shall have jurisdiction to review on appeal any decision of the courts below upon any matter of law or legal inference.' Notwithstanding the broad language of this section we do not think it was intended to give an appeal to the state from all

decisions of law in either the superior or other courts, as it must do if it gives it in this case, and to hold that it did would be to deprive the defendant in many cases of the benefit of a sacred maxim of the common law, that no man shall be put in jeopardy twice for the same offense. . . . . We are of opinion that, as the state is not mentioned in the section cited, it was not intended to apply to the state as a party to a criminal prosecution or to extend its right of appeal." The decision in this case was followed in *State v. Swepson, supra,* and in *State v. Powell, supra.* In the latter case, after pointing out the uniform practice theretofore existing in relation to the subject under consideration, the court says: "It can scarcely be supposed that the framers of our present organic law intended so large a departure from a rule established by so many decisions and so persistently enforced, in authorizing an appeal by 'the party against whom judgment is given,' and a jury trial in the appellate court upon the merits of a criminal proceeding, before a justice, to include the state as a party to the trial, and to give each an equal right to have the cause reheard. It is a more reasonable interpretation of provisions, obviously designed for the personal security of an accused person, to restrict the application of the term used to the accused party against whom the judgment may have been rendered, and is in harmony with the uniform previous course of judicial procedure in all of the courts of the state." The position taken by the supreme court of North Carolina is sustained by the supreme court of the United States in an able and exhaustive opinion in the case of *United States v. Sanges,* 144 U. S. 310, 12 Sup. Ct. Rep. 609, where the authorities are fully reviewed, and the American doctrine clearly enunciated. In that case the question arose as to the right of the government to appeal from a judgment in favor of the defendant in a criminal action. In the syllabus it is said: "Neither under the common law nor under the judiciary act of March 3, 1891, chapter 517, paragraphs 5 and 6 (26 Stats. 827, 828), has the United States the right to sue out a writ of error in a criminal case upon a judgment in favor of defendant, whether rendered upon a verdict of acquittal or upon a determination by the court of an issue of law." And in the body of the opinion

the court, speaking through Mr. Justice Gray, say: "The provisions of the judiciary act of March 3, 1891, chapter 517, material to be considered in this case are those of section 5, by which appeals or writs of error may be taken from a circuit court directly to this court in certain classes of cases, among which are 'cases of conviction of capital or other infamous crime,' and 'any case that involves the construction or application of the constitution of the United States'; and those of section 6, by which the circuit courts of appeals established by this act have appellate jurisdiction to review, by appeal or writ of error, final decisions in the district and circuit courts 'in all cases other than those provided for in the preceding sections of this act, unless otherwise provided by law'; and the judgments or decrees of the circuit courts of appeals are made final 'in all cases arising under the criminal laws,' and in certain other classes of cases, unless questions are certified to this court, or the whole case ordered up by writ of certiorari, as therein provided. (26 Stats. 827, 828.) . . . . The provision of section 6, giving the circuit courts of appeals, in general terms, appellate jurisdiction of criminal cases, says nothing as to the party by whom the writ of error may be brought, and cannot, therefore, be presumed to have been intended to confer upon the government the right to bring it."

It will be noted that the section of our constitution quoted *supra* vests jurisdiction in this court to review, on appeal, all decisions of district courts. The section does not, in express terms, give the state the right of appeal in any criminal case. We think that the construction given to the same provision of their constitution by the supreme court of North Carolina, and the construction given to section 6 of the judiciary act of March 3, 1891, by the supreme court of the United States, is the proper construction to be given to the provision of our state constitution that is now under consideration. This construction does not take from this court jurisdiction in any case. It is reasonable to conclude that the framers of our constitution did not, in adopting said provision, intend or desire to overthrow the settled American doctrine that the state cannot appeal from any decision in a criminal case unless the right to do so is ex-

pressly given by the constitution or by statute.   We know of no provision in any of the state constitutions expressly giving the state the right to appeal in all criminal cases.   The right, if it exists in this state, is a statutory one.   It is not contended that, if the defendant had been acquitted in the probate court, the state could have appealed from such judgment of acquittal. The section of the Revised Statutes quoted *supra* (section 8043) does not give the state the right to appeal from the judgment of the district court in a criminal action that has been appealed from the probate or a justice's court, and which is prosecuted by complaint.   There is no law in this state authorizing the state to appeal in such cases, unless the said provision of our constitution be construed to give the right of appeal to the state in all criminal cases.   Such construction would be extending the terms of the constitution by implication, contrary to reason and precedent, and would subject a person who has been prosecuted, tried, and acquitted of a crime to further prosecution for the same offense, at the whim of prosecuting officers, backed by the entire power of the state.   Such results were not contemplated by the framers of our constitution.   We are constrained to hold that the right to appeal on the part of the state in criminal cases is solely statutory.   That the legislature may give this right, for any purpose that does not abridge the constitutional rights of the citizen, we have no doubt.   But the right to appeal in cases like the one at bar has not been conferred upon the state by any legislative enactment, and therefore does not exist. The following authorities, in addition to those cited *supra,* are in accord with the views herein expressed, to wit: *State v. Risley,* 72 Mo. 609; *State v. Northup,* 13 Mont. 522, 35 Pac. 228; *People v. Richter,* 113 Cal. 473, 45 Pac. 811; *State v. O'Brien,* 20 Mont. 191, 50 Pac. 412.   We find that our first impression of the legal question involved was erroneous, and that the motion to dismiss should have been sustained.

The attorney general filed no brief on the part of the state, but filed a written statement to the effect that the statute under which this case has been prosecuted was passed by the legislature in the same manner as the "Fee Bill," which we held in *Cohn v. Kingsley,* ante, p. 416, 49 Pac. 985, was not passed as required by the constitution; that public interest demands

that the validity of the act in question here be passed upon by this court, for which he says this appeal was brought here. We would cheerfully comply with the desire of the attorney general, so delicately expressed, did we believe that we have jurisdiction to entertain this appeal. Having no jurisdiction of this appeal, for the reason that the state has no right to bring it here, and an opinion *obiter,* as to the validity of said act, being unnecessary, all authority, as well as reason, forbid that we should express our views as to the validity of said act until that question becomes necessary in a case properly before us. The order denying the motion of respondent to dismiss this appeal is set aside, and for the reasons herein given the appeal is dismissed.

Sullivan, C. J., and Huston, J., concur.