(February 20, 1899.)

## STATE v. BAKER.

[56 Pac. 81.]

RAPE—VERDICT—EVIDENCE.—Evidence in this case examined and held not to support verdict of guilty.

(Syllabus by the court.)

APPEAL from the District Court of Ada County.

John C. Rice, H. A. Griffiths and T. D. Cahalan, for Appellant.

As the common law, where the defendant was not permitted to testify in his own behalf, the testimony of the prosecutrix alone was sufficient to sustain a conviction for rape. But under statutes making the accused a competent witness, when he avails himself of his right to testify, and explicitly denies the commission of the offense, the uncorroborated testimony of the prosecutrix is not sufficient to sustain a conviction. (7 Am. & Eng. Ency. of Law, 2d ed., 867; *Mathews v. State,* 19 Neb. 330, 27 N. W. 234; *Sowers v. Territory,* 6 Okla. 436, 50 Pac. 257; *People v. Lambert,* 120 Cal. 170, 52 Pac. 307.) Not only is the testimony of the prosecutrix uncorroborated, but it is improbable, inconsistent and self-contradictory. In those states where the unsupported testimony of the prosecutrix is sufficient to sustain a conviction, such testimony must not be inconsistent, self-contradictory or improbable. (*State v. McMillan,* 20 Mont. 407, 51 Pac. 827; *Tway v. State,* 7 Wyo. 74, 50 Pac. 189; *Sowers v. Territory,* 6 Okla. 436, 50 Pac. 257; *People v. Benson,* 6 Cal. 221, 65 Am. Dec. 506; *People v. Hamilton,* 46 Cal. 540; *People v. Ardago,* 51 Cal. 371.)

Samuel H. Hays, Attorney General, for the State.

In many cases the statute provides that there shall be no conviction on the uncorroborated evidence of the prosecutrix, but we have no such statute. Corroboration other than by the outcry or complaint of the prosecutrix is usually impossible to obtain. Such crimes are not committed publicly.

Corroboration has been emphasized by the courts in numerous cases going to the question of consent, but where, as in this case, prosecutrix is under the age of consent, corroboration is no more of an element than in other criminal cases, with the exception, perhaps, that greater care is necessary in scrutinizing the evidence. (*State v. Wilcox,* 111 Mo. 569, 33 Am. St. Rep. 551, 20 S. W. 314; *Hamilton v. State,* 36 Tex. Cr. Rep. 372, 37 S. W. 431; *State v. Cone,* 1 Jones (N. C.), 18.)

HUSTON, C. J.—The defendant was convicted of the crime of rape, alleged to have been committed upon the person of his daughter, aged about fifteen years, and sentenced to the state penitentiary for a period of twenty-one years; from which judgment, and from the order of the court overruling his motion for a new trial, defendant appeals.

Appellant raises several objections to the constitutionality of the act under which he was indicted, both as to the sufficiency of its title and the manner of its enactment. As an examination of the record satisfies us that the judgment of the district court will have to be reversed upon the merits, and as the objections to the statute have been remedied by subsequent legislation, we do not feel called upon to discuss or pass upon those questions, but will consider the case upon its merits, as the same appear in the transcript. It is a rule, we believe, of very general recognition, that courts will not, where the decision of a case does not necessarily involve the passing upon the constitutionality of a statute, assume to do so. This court said, in *State v. Ridenbaugh,* 5 Idaho, 710, 51 Pac. 750; "An opinion *obiter* as to the validity of said act being unnecessary, all authority, as well as reason, forbid that we should express our views as to the validity of said act until that question becomes necessary in a case properly before us." And the position taken by the court in that case is accentuated in the case at bar by the fact that the questions raised have been eliminated by the action of the legislature in re-enacting the statute. While the changing of the age within which the party against whom the offense of rape is alleged to have been committed is capable of consenting thereto has eliminated

from the offense in such case the necessity of proving the employment of any of the various means mentioned in the statute for accomplishing such crime, and limits the proof in such cases to the committing of the act of sexual intercourse, and the age of the alleged victim, it is not to be presumed that the nature and character of the evidence essential to the establishment of the offense charged are done away with, or materially changed. The remark of Sir Mathew Hale in regard to the character of the offense of rape, that "it is an accusation easy to make, and hard to be proved, and harder still to be defended by the party accused, though ever so innocent," receives additional force by reason of such changes in the law as make that the highest grade of felony which, before such change in the statute, was, or might have been, a minor offense. It is doubly incumbent upon the courts in prosecutions for this offense under the statutes as they now stand to see to it that every element of the offense, within the narrow limits to which the proof is now confined, be established beyond a reasonable doubt, and that the rule of the statute which was enacted for the protection of female virtue be not made a means whereby the vindictive wanton may add further infamy to her iniquitous calling by making it a means of extortion and blackmail, or the medium of wreaking vengeance for some real or imaginary wrong.

We have examined the record in this case with much care. The crime charged is the most heinous known to the law. It seems a strange thing to say, but our experience almost compels us to the belief that, the more monstrous the crime charged, the more readily are juries inclined to give credence to it, and the less proof is required to establish it. In this case, the only evidence against the defendant was the testimony of the prosecutrix, a girl some fifteen years of age, and, judging from the testimony in the case, not of the most exemplary or amiable character. She is not in a single particular corroborated; on the contrary, she is flatly contradicted upon the most material points by several witnesses, no one of whom was contradicted or impeached, or sought to be. We think, before a father should be immured in a prison for what

in this case virtually amounts to imprisonment for life, his conviction should be supported by something more than the uncorroborated statements of a wayward and vindictive girl, whose proclivities, it is shown by the evidence, tend not in the direction of virtue.

One of the grounds upon which a new trial was asked by the defendant was the discovery of new and material evidence, and in support of that claim the appellant files the affidavit of one Wilbur M. Guile, who testifies in said affidavit that some time in March, 1897, said Nancy Baker (the prosecutrix) said to him, in the presence of his wife, that there was no truth in the charge she had made against her father. This affidavit is supported by that of Mont Oliver, the late sheriff of Ada county, who states that he knows Wilbur Guile, who made the foregoing affidavit, and that "from my knowledge of said Guile I here declare that he is both truthful and honorable in a very high degree." We do not consider that a review of the evidence in this case would serve any good purpose. It is sufficient to say that we have carefully gone through the entire transcript, and we are compelled to say that we do not consider the verdict in this case warranted or supported by the evidence. The judgment of the district court is reversed, and the cause remanded.

QUARLES, J.—I concur in the conclusion reached in this case, but think it but right to suggest the impropriety of putting the public to the expense of again trying the defendant upon the evidence contained in the record.

SULLIVAN, J.—I concur in the conclusion reached by the majority of the court on the ground that the evidence is not sufficient to support the verdict. The judgment ought to be reversed, and the cause remanded. The question as to whether the defendant should be tried again ought to be left to the discretion of the trial court; and, unless the state can produce additional evidence of defendant's guilt, the court would be justified in discharging him.

The majority of the court hold that it is not necessary to a decision of this case before this court to pass upon the con-

stitutionality of the act under which the defendant was convicted and cite *State v. Ridenbaugh,* 5 Idaho, 710, 51 Pac. 750, in which the court said: "All authority as well as reason forbid that we should express our views as to the validity of said act until the question becomes necessary in a case properly before us." That case differed from the one at bar in this: It was not necessary to a proper decision of that case to pass upon the constitutionality of the act there referred to. But in the case at bar the validity of the act under which the defendant was convicted has been ably presented both by printed briefs and oral arguments of respective counsel, and is properly before this court, and, in my view of the case, ought to be decided. The validity of said act is raised in another case now pending in this court, and other prosecutions may occur under said act, regardless of the fact that said law has been re-enacted. In the case at bar the defendant was not arrested until many months after the date of the alleged commission of the crime of which he was convicted, and it may be that other acts may have been committed that would come within the provisions of said act before said re-enactment. The case at bar has been reversed and remanded, and large costs may be saved to the people by now deciding whether said act is valid or not. But, as the majority of the court think otherwise, it would answer no purpose for me at this time to present my views on the points raised as to the constitutionality of said act, and I will refrain from doing so.