Opinion of the Court—Quarles, J.

(March 18, 1899.)

## IN RE FRED MARSHALL.

[56 Pac. 470.]

HABEAS CORPUS—INFORMATION—JURISDICTION.—When the petitioner is imprisoned on a bench warrant issued upon an information irregular upon its face, but which charges a public offense within the jurisdiction of the trial court, the writ of *habeas corpus* does not lie, as such writ cannot be substituted for a writ of error.

(Syllabus by the court.)

An original proceeding in supreme court for writ of *habeas corpus*.

J. L. Niday, for Petitioner.

The county attorney has no authority to file an information except when the defendant has had a preliminary examination as required by law, and has been regularly committed by a magistrate. (Const., art. 1, sec. 8; First Sess. Laws, 186.) The object of requiring a preliminary examination in a criminal case is, primarily, for the benefit of the accused, and to protect him from being restrained of his liberty unless he consents thereto, until the state has made a *prima facie* case against him. This is a right given to everyone accused of crime. (*State v. Larkins,* 5 Idaho, 200, 47 Pac. 945.)

S. H. Hays, Attorney General, for the State.

No brief filed.

QUARLES, J.—The defendant applies for a writ of *habeas corpus*. The petition alleges, as ground for the writ, the following, to wit: 1. That the act approved March 6, 1893, which amends the information act of 1891, was not passed in the manner required by the constitution, and is void; 2. That the information was not verified by the oath of the county attorney who filed it, or by any one else.

The facts alleged in the petition show that the petitioner was arrested about December 6, 1898, under a complaint charging him with grand larceny committed in Ada county, and was on

the twelfth day of December, 1898, examined before C. C. Siggins, a justice of the peace in and for West Boise precinct, in said county, and committed by said magistrate to answer to the district court, and his bail fixed at the sum of $200, which he gave; that on January 30, 1899, Edward J. Frawley, county attorney for said Ada county filed an information in the district court in and for said county, charging said petitioner with the same offense for which he had been committed, whereupon a bench warrant was issued against the petitioner, under which he was arrested and under which he was, and still is, confined by J. P. Campbell, sheriff of said Ada county; that said information was not sworn to by said county attorney, or sworn to at all, for which reason the said district court did not acquire jurisdiction of the person of the petitioner; that on March 4, 1899, petitioner made application to the Honorable George H. Stewart, district judge, upon a petition setting forth the facts disclosed in his petition herein, for a writ of *habeas corpus,* which writ was denied him by said district judge; that he is still imprisoned illegally under said bench warrant issued upon said information.   The petition is inconsistent, in this: It alleges in one place that the petitioner had a preliminary examination before the committing magistrate, who held him "on the charge set forth in said complaint, as shown by the depositions taken on said examination heretofore referred to, and made a part hereof," while in another place it avers "that the said Fred Marshall has never had a preliminary examination on the offense charged in the information, and has not been committed by a magistrate on the alleged offense set forth in said information, that he has never waived such preliminary examination on the same, and that he is not a fugitive from justice."   Attached to the petition, as exhibits, are copies of the complaint filed before the committing magistrate, copy of the order of commitment, copy of the information, and a copy of the journal entries, showing the manner in which the act of March 6, 1893, was passed; but the depositions, nor copies thereof, taken before the committing magistrate, are not in the record before us.

It is a well-settled rule of law that irregularities in an indictment or information are not open to review on application

for writ of *habeas corpus.* Conceding the facts to be as stated in the petition the writ must be denied; for it appears that the district court had jurisdiction both of the offense, and of the person of the petitioner. If the act of March 6, 1893, is void, the act of March 13, 1891, is valid; and the only change attempted in it by the act of March 6, 1893, is to repeal that part of section 3 (Act March 13, 1891) relating to the verification of the information. Now, if it be necessary to verify the information, the failure to do so is an irregularity only, and one which cannot be reviewed in this proceeding, but may be cured in the trial court below, or reviewed by the trial court on motion for new trial, or by this court on appeal. It is unnecessary to decide whether said act of March 6, 1893, was constitutionally passed or not, as, whether it be held valid or not, the application of the petitioner must be denied for the reasons above given. It being unnecessary to decide upon the validity of the act of March 6, 1893, former decisions of this court preclude us from doing so. (*Commissioners v. Mayhew,* 5 Idaho, 572, 51 Pac. 411; *State v. Ridenbaugh,* 5 Idaho, 710, 51 Pac. 750; *State v. Baker,* ante, p. 496, 56 Pac. 81.) If the defendant had no preliminary examination, and did not waive same, he should present that question to the trial court when called on to plead or be held to have waived it. (*State v. Clark,* 4 Idaho, 7, 35 Pac. 710; *State v. Larkins,* 5 Idaho, 200, 47 Pac. 945.) "Neither a departure from the form or mode prescribed by this code [Penal Code] in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right." (Idaho Rev. Stats., secs. 7687, 8236; *Territory v. Anderson,* 2 Idaho, 573, 21 Pac. 417; *Bonney v. State,* 3 Idaho, 288, 29 Pac. 185.) The irregularity complained of, if it be an irregularity, can be taken advantage of by the defendant by motion to set aside the information. (See Rev. Stats., sec. 7730; Act March 13, 1891, sec. 4; Sess. Laws 1890-91, p. 185.) The objection is waived, if not made by motion. (Rev. Stats., sec. 7731.)

The object of this proceeding on the part of the petitioner is to review and take advantage of alleged irregularities in a

criminal case pending against him in a court of competent juris-
diction.    The showing made in the petition is not sufficient, un-
der our code, to authorize the discharge of the petitioner.    It
appearing that the writ demanded ought not to issue, under the
provisions of Revised Statutes, section 8343, the same is hereby
denied.

Huston, C. J., and Sullivan, J., concur.