# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43295/43628

| | | |
|---|---|---|
| JEANETTE HOFFMAN, DON THOMAS, MARI THOMAS, BRIAN NELSON, LOUISE LUSTER, LYNDA SNODGRASS, LANCE HALE, MONIQUE HALE, ROXANNE METZ, AL THORNTON, TONI THORNTON, BLAIR HAGERMAN, DARRIN HENDRICKS, LESLIE CURFMAN, MIKE ZEHNER, JOSE FRANCA, KAREN CROSBY, CHUCK BOYER, and KIM BLOUGH, individuals, | ) ) ) ) ) ) ) ) ) ) ) ) | Boise, November 2016 Term<br><br>2016 Opinion No. 153<br><br>Filed: December 21, 2016<br><br>Stephen Kenyon, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| THE BOARD OF THE LOCAL IMPROVEMENT DISTRICT NO. 1101, an Idaho Local Improvement District; and BOARD OF ADA COUNTY COMMISSIONERS, | ) ) ) ) ) ) | |
| Defendants-Respondents. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

The judgment of the district court is affirmed.

Runft & Steele Law Offices, PLLC, Boise, for appellants.

Hawley Troxell Ennis & Hawley LLP, Boise, for respondents.

---

## ON THE BRIEFS

HORTON, Justice.

Jeanette Hoffman, Don Thomas, Mari Thomas, Brian Nelson, Louise Luster, Lynda Snodgrass, Lance Hale, Monique Hale, Roxanne Metz, Al Thornton, Toni Thornton, Blair Hagerman, Darrin Hendricks, Leslie Curfman, Mike Zehner, Jose Franca, Karen Crosby, Chuck Boyer, and Kim Blough (collectively "Appellants") appeal from the district court's denial of

1

their motion for summary judgment and grant of summary judgment in favor of the Board of the Local Improvement District No. 1101 and the Ada County Board of Commissioners (the Boards) in a case regarding assessments levied on properties within the Sage Acres Local Improvement District. Appellants also appeal from the district court's award of attorney fees to the Boards. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ada County Ordinance No. 780 established the Ada County Local Improvement District No. 1101, commonly known as Sage Acres Local Improvement District (LID). The ordinance was adopted on May 10, 2011. The purpose of the LID was to construct a water delivery system for residential and irrigation use by properties within the Sage Acres Subdivision (Sage Acres), located off of Old Horseshoe Bend Road in Boise, Idaho. The water system was completed in 2014. Appellants challenged the creation of the LID and Ada County Ordinance No. 809, which confirmed the assessments levied on properties affected by the LID.

On September 18, 2013, Appellants filed a Notice of Appeal from Assessments in Ada County district court. The district court entered its Order Governing Proceedings and Setting Trial. The district court set the matter for trial on March 9, 2014, and ordered the parties to mediate no later than 90 days prior to trial. Prior to mediation, on December 11, 2014, the Boards filed a motion for summary judgment which asserted that Appellants' claims were not legally or factually supported. The district court scheduled the summary judgment motion for hearing on January 27, 2015.

On December 22, 2014, Appellants and the Boards engaged in mediation before Senior Judge D. Duff McKee. At the conclusion of the mediation, Judge McKee prepared a handwritten Memorandum of Settlement:

> County & LID will pay its own litigation costs & fees, and waive any claim against Appellants for costs & fees.
>
> All parties to stipulate to dismissal of all claims, with prejudice and without fees and costs.
>
> Appellant property owners to be responsible for LID assessment fees as originally billed, plus accrued interest.* Appellants to pay their own legal costs & fees including their ½ of mediation fee.
>
> *Property owner to be provided w/current statement of amounts due as of 10/1/14 including interest; Owner to have 30 days from date of close on this agreement to pay off the LID plus interest, or to pay the annual installment, plus annual interest, (plus security fund deposit if required.)

2

Counsel and representatives for Appellants and the Boards signed the Memorandum of Settlement.

Following the mediation, counsel for the parties exchanged drafts of proposed formal settlement agreements. No formal settlement agreement was signed because the Boards insisted that the agreement include a release of Appellants' claims against the Boards and their agents and employees and Appellants were unwilling to execute such a release.

On January 14, 2015, Appellants filed a Notice of Settlement of Appeal and Appellants' Motion to Dismiss Appeal with Prejudice. Appellants argued that the district court should enforce the terms of the Memorandum of Settlement. On January 26, 2015, the day before the hearing on the Boards' motion for summary judgment, Appellants filed a Motion for Order Shortening Time on Appellants' Motion to Dismiss Appeal. Appellants argued that the settlement rendered the Boards' motion for summary judgment moot and the district court should instead take up their motion to dismiss their appeal. The following day, the district court held a hearing on the various motions.

During the hearing, the district court determined that Appellants' Motion to Dismiss Appeal with Prejudice would be treated as a motion for summary judgment to enforce the settlement agreement. The district court set a new hearing date of March 12, 2015, and instructed the parties to provide briefing regarding Appellants' motion. The district court further instructed Appellants to submit arguments in response to the Boards' motion for summary judgment.

On March 11, 2015, Appellants filed a Notice of Non-Opposition to Respondent's [sic] Motion for Summary Judgment, stating:

> The Appellants hereby notify the Court and opposing counsel that, consistent with the Appellants' contention that this matter settled at mediation on December 22, 2014, and in furtherance of their desire to not incur the significant expenses associated with a trial on this matter, they do not oppose Respondent's [sic] request that this appeal be dismissed.
>
> Appellants' decision to decline to oppose the Respondent's [sic] request for dismissal does not, however, have any bearing on the reasonableness of the legal or factual grounds for the appeal itself, and Appellants will outline those grounds in the event that their own motion for summary judgment is not granted and/or if Respondent [sic] moves for an award of attorney's fee or costs beyond the costs specifically allowed by I.C. § 50-1718.

On March 12, 2015, the district court held a hearing on the parties' motions for summary judgment. During the hearing, the district court clarified the effect of Appellants' Notice of Non-Opposition with Appellants' counsel:

> THE COURT: Okay. Now, in this case, [Counsel], just so I am clear then, is what you are saying is that if I deny your motion for summary judgment, then your nonopposition to the respondents' motion would be in effect and I could still dismiss the appeal even though I had denied your motion for summary judgment; is that what you are saying?
>
> [COUNSEL]: Yes, Your Honor. That is consistent with what I had – how I had envisioned this playing out today.

On March 30, 2015, the district court entered its Memorandum Decision and Order denying Appellants' motion for summary judgment and granting the Boards' motion for summary judgment. The district court concluded that there were "genuine issues of material fact regarding whether there was a sufficient meeting of the minds to form an enforceable settlement agreement." On April 17, 2015, the Boards filed a motion for attorney fees and costs. The Boards requested fees pursuant to Idaho Code sections 12-117(1) and 12-121. On August 14, 2015, the district court entered its Memorandum Decision and Order regarding attorney fees and concluded that the Boards were entitled to attorney fees under both statutes. Appellants filed two separate appeals which this Court consolidated.

## II. STANDARD OF REVIEW

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion." *Intermountain Real Props., LLC v. Draw, LLC*, 155 Idaho 313, 316–17, 311 P.3d 734, 737–38 (2013). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

"Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Fuller v. Callister*, 150 Idaho 848, 851, 252 P.3d 1266, 1269 (2011) (quoting *Castorena v. General Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010)). "However, the nonmoving party cannot rely on mere speculation, and a scintilla of evidence is insufficient to create a genuine issue of material fact." *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 152 Idaho 632, 637, 272 P.3d 1263, 1268 (2012). "If the evidence reveals no disputed issues of material fact, then only a

question of law remains, over which this Court exercises free review." *Conway v. Sonntag*, 141 Idaho 144, 146, 106 P.3d 470, 472 (2005). "We exercise free review over matters of statutory interpretation." *KGF Dev., LLC v. City of Ketchum*, 149 Idaho 524, 527, 236 P.3d 1284, 1287 (2010).

## III. ANALYSIS

Appellants challenge the district court's denial of their motion for summary judgment and grant of summary judgment to the Boards. Appellants contend that the district court erred by considering parol evidence without first determining that the handwritten settlement agreement was ambiguous on its face. Appellants further contend the district court erred by considering immaterial hearsay testimony from the Boards' attorneys in reaching its decision. Finally, Appellants claim the district court erred by awarding the Boards attorney fees under Idaho Code sections 12-117(1) and 12-121. We address these issues in turn.

**A. The district court did not err when it denied Appellants' motion for summary judgment and granted the Boards' unopposed motion for summary judgment.**

In reaching its decision, the district court explained that settlement agreements are governed by the same rules and principles applicable to contracts generally. After noting that the Memorandum of Settlement did not contain a merger clause, the district court considered the Affidavit of Theodore E. Argyle in Opposition to Appellants' Motion for Summary Judgment to Enforce Settlement Agreement, the Declaration of Lynnette M. Davis in Opposition to Appellants' Motion for Summary Judgment to Enforce Settlement Agreement, and other evidence in the record. The district court agreed with the Boards' contention that the Memorandum of Settlement set forth only some of the material terms of the parties' agreement and there were "genuine issues of material fact regarding whether there was a sufficient meeting of the minds to form an enforceable settlement agreement." Thus, the district court denied Appellants' motion for summary judgment and granted the Boards' unopposed motion for summary judgment.

Ordinarily, this Court would not address a district court's denial of a motion for summary judgment.

> "It is well settled in Idaho that '[a]n order denying a motion for summary judgment is an interlocutory order from which no direct appeal may be taken.' " *Garcia v. Windley*, 144 Idaho 539, 542, 164 P.3d 819, 822 (2007) (alteration in original) (quoting *Dominguez v. Evergreen Res., Inc.*, 142 Idaho 7, 13, 121 P.3d 938, 944 (2005)); *see* I.A.R. 11. "[A]n order denying a motion for summary

5

judgment is not subject to review—even after the entry of an appealable final judgment." *Dominguez*, 142 Idaho at 13, 121 P.3d at 944; *see also Lewiston Indep. Sch. Dist. No. 1 v. City of Lewiston*, 151 Idaho 800, 808, 264 P.3d 907, 915 (2011) (explaining that this Court does not review denials of summary judgment after judgment is rendered on the merits); *Hunter v. State, Dep't of Corr.*, 138 Idaho 44, 46, 57 P.3d 755, 757 (2002) ("An order denying a motion for summary judgment is not an appealable order itself, nor is it reviewable on appeal from a final judgment.").

*Am. Bank v. BRN Dev., Inc.*, 159 Idaho 201, 205–06, 358 P.3d 762, 766–67 (2015). However, we will make an exception in this case because Appellants' non-opposition to the Boards' summary judgment was conditioned upon the denial of their motion for summary judgment.

Appellants argue that the district court erred when it considered evidence of the parties' intent without first making a determination that the Memorandum of Settlement was ambiguous as a matter of law. Appellants contend this Court's holdings in *J.R. Simplot Co. v. Bosen*, 144 Idaho 611, 167 P.3d 748 (2006), and *Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 156 Idaho 709, 330 P.3d 1067 (2014), stand for the proposition that:

> [A]ny inquiry into the intent of the parties to a contract, or as to whether there was a "meeting of the minds" concerning the terms of the contract, is inappropriate until and unless a determination has been made that the contract between the parties is ambiguous or unambiguous as a matter of law.

The Boards respond that Appellants fundamentally misconstrue Idaho's parol evidence rule, which only prevents the district court from considering extrinsic evidence relating to other terms of a contract when the contract is integrated. The Boards are correct.

A settlement agreement "stands on the same footing as any other contract and is governed by the same rules and principles as are applicable to contracts generally." *Vanderford Co. v. Knudson*, 150 Idaho 664, 672, 249 P.3d 857, 865 (2011) (quoting *Wilson v. Bogert*, 81 Idaho 535, 542, 347 P.2d 341, 345 (1959)). "A contract must be complete, definite and certain in all its material terms, or contain provisions which are capable in themselves of being reduced to certainty." *Giacobbi Square v. PEK Corp.*, 105 Idaho 346, 348, 670 P.2d 51, 53 (1983). "Where a written agreement is integrated, questions of the parties' intent regarding the subject matter of the agreement may only be resolved by reference to the agreement's language." *Steel Farms, Inc. v. Croft & Reed, Inc.*, 154 Idaho 259, 267, 297 P.3d 222, 230 (2012). "The mere existence of a written document, however, does not establish integration." *Valley Bank v. Christensen*, 119 Idaho 496, 498, 808 P.2d 415, 417 (1991). "A written contact containing a merger clause is

integrated for purposes of the parol evidence rule." *Steel Farms, Inc.*, 154 Idaho at 267, 297 P.3d at 230.

> Under the parol evidence rule, if the written agreement is complete on its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the written contract.

*Lindberg v. Roseth*, 137 Idaho 222, 228, 46 P.3d 518, 524 (2002) (internal citations omitted).

Appellants' argument and authority deal with the interpretation of terms of a contract. The district court did not look to extrinsic evidence in order to interpret the terms of the handwritten Memorandum of Settlement. Instead, it was attempting to determine whether an enforceable contract between the parties had been formed at all. This involved evaluating whether there was a meeting of the minds as to a material term of the parties' contract which was not addressed in the Memorandum of Settlement.

> "For a contract to exist, a distinct understanding that is common to both parties is necessary." *Wandering Trails, LLC v. Big Bite Excavation, Inc.*, 156 Idaho 586, 592, 329 P.3d 368, 374 (2014). "An enforceable contract must be complete, definite, and certain in all of the contract's material terms." *Id.*

*Countrywide Home Loans, Inc. v. Sheets*, 160 Idaho 268, 274, 371 P.3d 322, 328 (2016). The district court considered extrinsic evidence to evaluate whether Appellants' execution of a release of claims against the Boards and their agents and employees related to the allegations contained in the Notice of Appeal of Assessment was a material term of the contract. The district court did not err by doing so.

> The determination of the parties' intent is to be determined by looking at the contract as a whole, the language used in the document, the circumstances under which it was made, the objective and purpose of the particular provision, and any construction placed upon it by the contracting parties as shown by their conduct or dealings.

*J.R. Simplot Co.*, 144 Idaho at 614, 167 P.3d at 751.

Appellants have not advanced any argument that the district court erred when it determined the Memorandum of Settlement was not integrated. Appellants have not demonstrated that the district court erred by determining that execution of a release of Appellants' claims was a material term of the parties' agreement. Appellants have not demonstrated a genuine issue of material fact as to whether the parties reached an agreement regarding Appellants' execution of a release of claims.

Appellants advance other claims in their briefing in support of their contention that the district court erred: (1) the district court improperly considered affidavit testimony from Davis and Argyle; (2) the testimony amounted to bare allegations and denials; (3) the testimony was not material and should have been disregarded; and (4) the testimony was inadmissible hearsay. However, Appellants have not supported these claims with cogent argument or authority.

"Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Appellants' contentions that the district court improperly considered the testimony of Davis and Argyle and that the testimony was immaterial are simply without merit. Appellants make no attempt to explain how or why the testimony amounted to bare allegations. Indeed, Appellants fail to identify the testimony at issue. Appellants' hearsay argument is not supported by any citation to authority. Thus, we do not consider those claims on appeal.

For these reasons, we hold that the district court did not err when it denied Appellants' motion for summary judgment and granted the Boards' unopposed motion for summary judgment.

## B. The district court did not err when it awarded the Boards attorney fees pursuant to Idaho Code section 12-117(1).

The district court awarded the Boards attorney fees pursuant to Idaho Code section 12-117(1) after it determined that Appellants had acted without a reasonable basis in fact or law by continuing to maintain the appeal. The district court reasoned:

> Appellants have not challenged the <u>amount</u> of attorney fees requested by Respondents. Rather, Appellants oppose an award of any attorney fees in this matter, asserting that an award of such fees is not provided for in I.C. § 50-1718. Idaho Code section 50-1718 sets forth the manner in which a person may appeal the confirmation of an assessment roll. The statute provides that where an assessment is confirmed by the district court on appeal, "the fees of the clerk of the municipality for copies of the record shall be taxed against the appellant with other costs." I.C. § 50-1718. Appellants assert that because the statute is designated as the "exclusive remedy" for such an appeal, and because the statute contains a provision regarding costs but not attorney fees, an award of attorney fees is not available in connection with an appeal brought pursuant to I.C. § 50-1718. The Court disagrees. Although I.C. § 50-1718 itself contains no provision regarding attorney fees, the statute does not specifically exclude an award of attorney fees. Idaho Code sections 12-117(1) and 12-121 both provide a basis for

8

an award of attorney fees in matters where a political subdivision is a party, and the Court finds no conflict between these statutes and I.C. § 50-1718.

Appellants contend that Idaho Code section 12-117(1) does not authorize the award of attorney fees because it contains the explicit condition "unless otherwise provided by statute." Appellants argue that Idaho Code section 50-1718 provides the "exclusive remedy" in this case and only "the fees of the clerk of the municipality for copies of the record . . . with other costs" may be assessed.

Idaho Code section 12-117(1) provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). The plain language of section 12-117(1) provides that it applies in "any proceeding" involving a "state agency or a political subdivision and a person." Appellants' contention that section 12-117(1) is superseded by section 50-1718 as an "exclusive remedy" is unpersuasive. Section 50-1718 is titled: "Appeal procedure – Exclusive remedy." It provides:

> Any person who has filed objections to the assessment roll or any other person who feels aggrieved by the decision of the council in confirming the same shall have the right to appeal to the district court of the county in which the municipality may be situated. Such appeal shall be made within thirty (30) days from the date of publication of the ordinance confirming the assessment roll by filing a written notice of appeal with the clerk of the municipality and with the clerk of the district court aforesaid describing the property and objections of the appellant. The appellant shall also provide a bond to the municipality in a sum to be fixed by the court, but not less than two hundred dollars ($200) with sureties to be approved by the court, conditioned to pay all costs to be awarded to the respondent upon such an appeal. After said thirty (30) day appeal period has run, no one shall have any cause or right of action to contest the legality, formality or regularity of said assessments for any reason whatsoever and, thereafter, said assessments and the liens thereon shall be considered valid and incontestable without limitation.
>
> If an appeal is filed within said period, the case shall be docketed by the clerk of said court in the name of the person taking the appeal against the municipality as "an appeal from assessments." . . . The judgment of the court shall be either to confirm, modify or annul the assessment insofar as the same affects the property of the appellant, from which judgment an appeal may be taken to the Supreme Court as provided by law. In case the assessment is confirmed, the fees

of the clerk of the municipality for copies of the record shall be taxed against the appellant with other costs.

I.C. § 50-1718. A natural reading of the statute is that it provides "any person who has filed objections" or "any other person who feels aggrieved by the decision of the council" with the "exclusive remedy" of appealing the decision first to the district court and then to this Court. Attorney fees are not mentioned anywhere in the statute. Appellants' contention that section 50-1718 somehow limits the Boards' ability to recover attorney fees provided for by other statutes is not supported by its text.

**C. The district court did not err by awarding the Boards attorney fees pursuant to Idaho Code section 12-117(1).**

In its memorandum decision and order, the district court provided a list of reasons why it concluded Appellants acted without a reasonable basis in fact or law:

> For the following reasons, the Court concludes that an award of attorney fees to Respondents is warranted under both I.C. § 12-117(1) and I.C. § 12-121. The court notes that in its Memorandum Decision and Order entered on March 7, 2014, the court considered the issue of the amount of the bond to be provided by Appellants and indicated that it could <u>not</u> conclude that the filing of the appeal in this matter was clearly frivolous. However, the Court finds that Appellants have acted without a reasonable basis in fact or law by continuing to maintain the appeal, thereby causing Respondents to incur significant expenses in defending the matter. The Court is also left with the abiding belief that the matter was pursued unreasonably and without foundation. As Respondents have noted, after the filing of their appeal in September of 2013, Appellants never propounded any requests for discovery upon Respondents. Further, although Respondents served interrogatories, requests for production, and requests for admission upon Appellants on December 2, 2014, Appellants never provided any responses to those discovery requests. Appellants did provide an expert witness disclosure to Respondents on September 11, 2014. The disclosure consisted of two letters written by Jerry T. Elliott, P.E. However, while Mr. Elliott raised certain questions about the water delivery system in his letters, he provided no affirmative opinions and indicated he had not performed an inspection of the system. Nevertheless, Appellants' expert witness disclosure required Respondents to retain an expert, Cathy Cooper, P.E.
>
> Finally, Appellants failed to respond substantively to Respondents' motion for summary judgment or provide any evidence to demonstrate the validity of their challenges to the assessments, despite being provided multiple opportunities to do so. As Respondents have noted, in their Notice of Appeal from Assessments, Appellants raised certain challenges to the establishment of the Sage Acres LID. However, Appellants offered no evidence or argument demonstrating that such challenges were not time-barred under I.C. § 50-1727, which requires legal challenges to the formation of an LID to be brought within

30 days after publication of the ordinance. Further, Appellants have failed to provide any evidence to support the validity of their challenges to the assessment roll. Although Appellants have made reference to certain items in the agency record, those documents were not admitted as exhibits for the Court's consideration, and Appellants provided no further evidence, by affidavit or otherwise, to support their claims. For these reasons, the Court is left with the abiding belief that the matter was pursued unreasonably and without foundation. The Court also finds that Appellants acted without a reasonable basis in fact or law by continuing to maintain the appeal while substantially failing to engage in discovery or to provide any evidence to support the validity of their challenges.

Appellants contend that because Idaho Code section 50-1718 permits a wide category of people (objectors and the aggrieved) to appeal to the district court and "[w]ith the authority of the courts to fashion appropriate equitable remedies being so broadly defined, the Appellants were thus acting with a reasonable basis in law when they asked the District Court to consider all possible remedies in equity…" Appellants argue their "objections and grievances were made abundantly clear in a four-inch thick volume of objections that were presented to the LID Board and which are also on file with this Court." Appellants conclude that "[b]ased on all of those objections and issues, the Appellants acted within the scope of the statute by asking the Court to change the assessment in some way more favorable to them. . . ."

Appellants do not attempt to address the district court's reasons for awarding attorney fees. Instead, they contend that the broad scope of Idaho Code section 50-1718 creates a low bar for the reasonableness of an appeal. However, Appellants have made no effort to identify the "objections and grievances" which prompted their appeal, much less to demonstrate that there was a reasonable basis for those objections and grievances.

"This Court will not search the record for error. We do not presume error on appeal; the party alleging error has the burden of showing it in the record." *PHH Mortg. v. Nickerson*, 160 Idaho 388, 399, 374 P.3d 551, 562 (2016) (internal quotations and citations omitted). Because Appellants have failed to identify a basis for concluding that the action was pursued reasonably before the district court, we affirm the district court's decision to award attorney fees to the Boards pursuant to Idaho Code section 12-117(1).

Based upon this holding, we will not address the district court's alternate basis for the award of attorney fees under Idaho Code section 12-121. "When a decision is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds." *Andersen v.*

*Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005) (internal quotations omitted).

**D.  The Boards are entitled to attorney fees and costs on appeal.**

The Boards request attorney fees on appeal pursuant to Idaho Code section 12-117(1). Appellants also request attorney fees on appeal. Appellants are not entitled to attorney fees because they have not prevailed.[1] The Boards are the prevailing party in this appeal. We find that the present appeal was pursued without a reasonable basis in law. Thus, the Boards are entitled to attorney fees on appeal pursuant to Idaho Code section 12-117(1).

## IV. CONCLUSION

We affirm the judgment of the district court and its award of attorney fees to the Boards. Attorney fees and costs on appeal to the Boards.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

---

[1] Appellants did not cite to authority in support of their fee request. Therefore, even if Appellants had prevailed, they would not be entitled to an award of attorney fees. *Mulford v. Union Pac. R.R.*, 156 Idaho 134, 142, 321 P.3d 684, 692 (2014).