(February 5, 1894.)

## STATE v. CLARK.

### [35 Pac. 710.]

PRELIMINARY EXAMINATION—COMMITMENT.—An order of commitment made in writing and entered in the docket of the committing magistrate is valid, although not indorsed on the depositions taken at the preliminary examination.

DEPOSITIONS—SECTION 7576 OF THE REVISED STATUTES CONSTRUED.— *Held,* that the record in this case shows a substantial compliance with the provisions of section 7576 of the Revised Statutes in taking depositions and certifying same to the district court.

INFORMATION—JURISDICTION—WAIVER.—Motion to quash information, on the ground that the court had no jurisdiction to try the defendant, for the reason that the law had not been complied with in the arrest and preliminary examination of the defendant, must be made before plea or trial, or the same is waived.

DEFECTS IN PRELIMINARY EXAMINATION.—Technicalities or defects in the preliminary examination of a defendant will not render them invalid, unless they actually prejudice the defendant, or tend to his prejudice in respect to some substantial right.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

E. M. Wolfe, for Appellant.

No brief found on file.

George M. Parsons, Attorney General, for State.

The failure to indorse° the order of commitment on the complaint or depositions in no manner deprives the order of its validity. (*People v. Wallace,* 94 Cal. 497-499, 29 Pac. 950; *People v. Wilson,* 93 Cal. 379, 28 Pac. 1061.) A substantial compliance with the law is sufficient, the word "approved" being held a certification. (*People v. Rodrigo,* 69 Cal. 602, 11 Pac. 481.) And "subscribed and sworn to," sufficient. (*People v. Dowdigan,* 67 Mich. 95, 38 N. W. 920.) Failure to attach official title will not invalidate. (*City of Kingman v. Berry,* 40 Kan. 628, 20 Pac. 527; *Touchard v. Crow,* 20 Cal. 150-159, 81 Am. Dec. 108.) The probate judge is a magistrate and has authority to commit. (Pen. Code sec. 7511.) Not having moved to quash on the proper ground, and going to trial, all

objections to the legality of the preliminary examination or right to a preliminary examination, were waived. (*Washburn v. People,* 10 Mich. 383; *People v. Jones,* 24 Mich. 215, 218; *State v. Stewart,* 7 W. Va. 731, 23 Am. Rep. 623; *Hodgkins v. State,* 36 Neb. 160, 54 N. W. 86; *March v. Commonwealth* (Pa.), 14 Atl. 375, 376; *Davis v. State,* 31 Neb. 252, 47 N. W. 854; *Bailey v. State,* 36 Neb. 808, 55 N. W. 241, 242; 1st Sess. Laws, sec. 4, p. 185; Mich. Stats. secs. 9550, 9551.) Motion in arrest of judgment must be founded on defects appearing on the face of the information. (*People v. Johnson,* 71 Cal. 392, 12 Pac. 261; *People v. Gardner,* 98 Cal. 128, 32 Pac. 880.) Irregularities in the finding or presentment of an information must be reached by motion. (Pen. Code, sec. 7730; 1st Sess. Laws, sec. 4, p. 185.)

SULLIVAN, J.—The appellant was arrested on a charge of robbery, upon a warrant issued out of the probate court of Elmore county. Thereafter a preliminary examination was held before the probate judge of said court, sitting as a committing magistrate, and the appellant was held to appear before the district court, and answer. On the twenty-sixth day of October, 1893, the district attorney filed an information charging the crime above mentioned. Thereupon counsel for appellant moved to quash the information, on the ground that prior to filing the information the defendant had not been committed or held to answer by any magistrate having authority to commit. This motion was overruled by the court. The defendant was convicted, and thereafter a motion in arrest of judgment was made, on the ground that the court had no jurisdiction to try the defendant, for the reason that the law had not been complied with in the arrest and preliminary examination of defendant. This motion was denied, and defendant was sentenced to a term of seven years' imprisonment in the state's prison. This appeal is from the judgment.

The first contention of appellant is that the court erred in denying his motion to quash the information for the reason that previous to filing the information the defendant had not been committed or held to answer by a magistrate having authority to commit. It is a sufficient answer to this contention to say that the record shows that the defendant was committed and

held to answer by the probate judge of Elmore county. Probate judges are magistrates, and have the power to commit. (Rev. Stats. 1887, sec. 7511.)

The second contention is that the court erred in denying defendant's motion in arrest of judgment. This motion went to the jurisdiction of the court to try the defendant for the offense charged, for the reason that the law had not been complied with in the arrest and preliminary examination of defendant. The record contains the information upon which the defendant was convicted, and it contains the following statement, to wit: "That on the twenty-fifth and twenty-sixth days of September, 1893, a preliminary examination of said charge against said defendant was held before B. Clinton, Esq., probate judge of Elmore county, state of Idaho, and after a full examination of said charge upon the depositions of [here follow the names of the thirteen witnesses examined before the probate judge,] the said defendant was, by order of said probate judge, held to answer said charge of robbery; and that it is upon the personal examination of the depositions aforesaid that this information is made." The record also contains the "complaint" filed in the probate court as a basis for the issue of the warrant of arrest; also, the warrant of arrest, the depositions taken on the preliminary examination, and the order holding the defendant to answer. It is true the order of commitment was not indorsed on the depositions, as required by section 7579 of the Revised Statutes, but that does not deprive the order of commitment of its validity. The order was reduced to writing, and entered in the official docket of the magistrate. That was sufficient. (*People v. Wilson*, 93 Cal. 377, 28 Pac. 1061.) The failure of the committing magistrate to indorse the order of commitment on the depositions taken on the preliminary examination does not deprive the order of its validity, or affect any substantial right of the defendant. (*People v. Wallace*, 94 Cal. 497, 29 Pac. 950.) Informalities or irregularities in the proceedings will not render them invalid unless they actually prejudice the defendant, or tend to his prejudice, in respect to a substantial right. (Rev. Stats. 1887, sec. 8236.) Section 8070 of the Revised Statutes directs this court to give judgment after hearing an appeal, without regard to technical errors or defects, or to

any exceptions which do not affect the substantial rights of the parties, (*State v. Reed* (decision rendered by this court, November term 1893), 3 Idaho, 754, 35 Pac. 706.) It is contended, under the second error assigned, that the depositions do not contain the certificate of the magistrate, required by subdivision 5, section 7576 of the Revised Statutes. The record does show before whom the preliminary examination was had; the date of such examination; the presence of the defendant in person and by counsel; that the complaint was read to the defendant, and his plea; that each witness stated his name, age, residence and occupation. It also contains the question put to each witness, and the answers thereto, and each deposition is signed by the witness, and the jurat to each signed by the magistrate, and shows that said depositions were the basis of the information filed by the district attorney. There was a substantial compliance with the law. However, the motion under consideration was not made before plea or trial, and was therefore too late. When the motions to quash the information is made in proper time, upon the ground that the law had not been complied with in the arrest and preliminary examination of the defendant, he does not waive a substantial compliance therewith, and the trial court should see that the law in that respect has been substantially complied with before putting defendant upon his trial. But, unless the motion is made to quash or set aside an indictment or information, the objection that the law in regard to the preliminary examination of a defendant has not been complied with, and all objections to the indictment, enumerated in section 7730 of the Revised Statutes are waived. Section 4 of "An act providing for prosecution of offenses on information," etc., approved March 13, 1891 (1st Sess. Laws, p. 185), provides that all provisions of the Criminal Code in relation to indictments shall, in the same manner, apply to informations. (*Washburn v. People,* 10 Mich. 385; *People v. Jones,* 24 Mich. 215; *Hodgkins v. State,* 36 Neb. 160, 54 N. W. 86; *People v. Williams,* 93 Mich. 623, 53 N. W. 779; *Bailey v. State,* 36 Neb. 808, 55 N. W. 241; *Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119; *People v. Bawden,* 90 Cal. 196, 27 Pac. 204.)

The appellant relies upon *State v. Braithwaite,* 3 Idaho, 119, 27 Pac. 731, as supporting his contentions. In that case the

question decided was the jurisdiction of the court to try the defendant by information before he had first had a preliminary examination, as provided by law, and rests upon the facts of that case. It was not claimed in that case that the defendant had waived his right to such examination, and the court held that the provisions of section 8 of the act therein referred to, and those of section 7576 of the Revised Statutes were mandatory, ·and that the district court had no jurisdiction to try the defendant by information until the provisions of said statute had been complied with. In our view of that case, the defendant had not had such a preliminary examination as the law requires, and had raised his objection in proper time, while in the case at bar the provisions of the statute in regard to preliminary examinations have been substantially complied with. An information is based upon preliminary examination, unless such examination is waived, or the defendant is a fugitive from justice. If the provisions of the statute are not complied with by the committing magistrate in every particular, in such examination the defendant waives all irregularities or defects therein if he does not move to quash the information before plea or trial. No regard should be given to mere technical errors or defects unless they prejudicially affect some substantial right of the defendant. We find no error in the record. The judgment of the court below is affirmed.

Huston, C. J., and Morgan, J., concur.