75 P.3d 191

**STATE INSURANCE FUND,**
**Plaintiff–Appellant,**

v.

**Olga JAROLIMEK, Defendant–**
**Respondent.**

No. 28538.

Supreme Court of Idaho,
Boise, May 2003, Term.

July 18, 2003.

Evans, Keane, Boise, for appellant. Jed W. Manwaring argued.

Elam Burke, Boise, for respondent. Jeffrey A. Thomsen argued.

TROUT, Chief Justice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury case. The State Insurance Fund (SIF) appeals from the district court's decision to dismiss with prejudice SIF's complaint against Respondent, Olga Jarolimek (Jarolimek).

On October 21, 1997, a motor vehicle accident occurred between Jarolimek and Arturo Villa (Villa), while Villa was driving a truck for his employer. Villa filed a worker's compensation claim to recover for injuries allegedly sustained as a result of the accident, and SIF, the worker's compensation carrier for the employer, paid benefits to Villa.

On October 21, 1999, Villa filed an independent action against Jarolimek as a third party tortfeasor pursuant to Idaho Code § 72–223. Thereafter, at some point in the proceedings, Villa, a farm worker and Mexican national, returned to Mexico and did not stay in contact with the court and his attorneys. On October 10, 2000, the SIF, which had not previously participated in the case, intervened pursuant to I.C. § 72–223(2). Subsequently, the district judge entered a default judgment against Villa leaving SIF alone to pursue its subrogation claim.

On November 15, 2000, Jarolimek served discovery requests upon SIF and then moved for an order for an independent medical examination (IME) of Villa pursuant to I.R.C.P. 35(a) and an order requiring SIF to produce Villa for deposition. The district judge granted Jarolimek's request for an IME; however, the court held it was the responsibility of both parties to locate Villa.

On April 30, 2001, Jarolimek filed a motion for involuntary dismissal pursuant to I.R.C.P. 41(b) for failure to prosecute and an alternative motion to compel discovery pursuant to I.R.C.P. 37(a)(2). Subsequently, on May 10, 2001, the SIF served responses to Jarolimek's November 15, 2000, discovery requests. On June 27, 2001, the district judge denied the motion to dismiss and granted the motion to compel the SIF to make Villa available for a deposition and an IME by July 31, 2001.

On August 1, 2001, Jarolimek filed a motion to dismiss pursuant to I.R.C.P. 37(b), arguing the SIF's claim should be dismissed for failure to comply with the court's June 27th order. The district judge denied Jarolimek's motion, determining, first, it was not appropriate to impose the sanctions provided under I.R.C.P. 37(b)(2) for failure to produce another for an IME, because the SIF was unable, despite good faith efforts, to produce Villa. Second, in considering dismissal relating to the motion to compel SIF to produce Villa for deposition, the district judge determined there was a "clear record of delay in this case" and attributed the delay to the SIF. Nevertheless, the trial court determined dismissal was inappropriate at that time, because Jarolimek failed to demonstrate any actual prejudice caused by the delay. However, even though the district judge denied Jarolimek's motion to dismiss pursuant to I.R.C.P. 37(b) at that time, he also determined that the SIF had to produce Villa on or before April 2, 2002, or he would assume Villa would not be available within any reasonable time in the future and the case would then be dismissed.

On April 1, 2002, Jarolimek's counsel notified the court that the SIF had not produced Villa for deposition or IME. The next day, the district judge held a telephonic hearing and then granted the motion to dismiss with prejudice.

## II.

## STANDARD OF REVIEW

[1, 2] The district judge dismissed the SIF's claim pursuant to I.R.C.P. 37(b), as a sanction for failure to comply with a discovery order. The imposition of sanctions under I.R.C.P. 37(b) "is committed to the discretion of the trial court, and that ruling will not be overturned on appeal absent a manifest abuse of discretion." Typically, when reviewing decisions of a lower court based on the abuse of discretion standard, this Court

considers whether (1) the court correctly perceived the issue as one of discretion; (2) the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). However, as demonstrated further below, when reviewing a trial court's decision to impose the drastic sanction of dismissal with prejudice, this Court reviews the decision to ensure certain findings are met.

## III.

## DISCUSSION

The district judge abused his discretion under the abuse of discretion analysis by failing to act consistently with the legal standards applicable to his decision to dismiss the case.

■ Rule 37(b) of the Idaho Rules of Civil Procedure provides the district court with the discretion to impose sanctions when a party fails to comply with a discovery order. Included in the available sanctions is an order "dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party." I.R.C.P. 37(b)(2)(C). However, given the extreme nature of a dismissal with prejudice, this Court has required trial courts to consider three factors when considering such a decision:

> The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one 'aggravating' factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant.

*Ashby v. Western Council Lumber Production,* 117 Idaho at 684, 686, 791 P.2d 434, 436 (1990). Further, "[t]he consideration of these factors must appear in the record in order to facilitate appellate review." *Id.*

■ In the August 1, 2001, decision upon Jarolimek's motion to dismiss, the district judge expressly recognized the issue is with-

in his discretion and clearly articulated the legal basis for a Rule 37(b) decision to dismiss for failure to comply with a discovery order. In addition, the district judge addressed the factors set forth in *Ashby* for proper consideration of dismissal. However, the district judge erred in considering the aggravating factors. The decision was based on the presence of prejudice; however, the district judge failed to articulate what specific prejudice Jarolimek would suffer as a result of Villa's absence or why the prejudice would be so serious that it would outweigh the prejudice to SIF of having to go forward without its key witness. Moreover, considering the remaining aggravating factors, clearly the delay was not the result of SIF's intentional conduct, nor was the delay caused by the plaintiff's actions. Thus, without an aggravating factor, the decision to dismiss with prejudice fails to meet the legal standard and constitutes an abuse of discretion. Clearly, the district judge does not have to wait to hold a trial until Villa appears or submits to an IME. The judge would be well within his discretion to insist that the case go forward and the SIF will simply have to prove it subrogation claim without benefit of Villa's presence.

Because the district judge's order of dismissal is reversed, Jarolimek is not entitled to an award of attorney's fees on appeal.

## IV.

## CONCLUSION

The district judge abused his discretion by dismissing the SIF's complaint with prejudice and that decision is reversed and this case remanded. We award costs on appeal to the SIF.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, CONCUR.