# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 33896

JAY LEE and CORAL LEE, husband and )
wife, d.b.a. EARTH CONSTRUCTION, )
                 )       Boise, June 2008 Term
   Plaintiffs-Counterdefendants-Respondents, )
                 )       2008 Opinion No. 95
v.                  )
                 )       Filed: July 10, 2008
CHARLES R. NICKERSON and DONNA )
NICKERSON, husband and wife,     )       Stephen W. Kenyon, Clerk
                 )
   Defendants-Counterclaimants-Appellants. )

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. John R. Stegner, District Judge.

District court decision dismissing counterclaim, <u>affirmed</u>. Case <u>remanded</u> on attorney fee issue.

Knowlton & Miles, PLLC, Lewiston, for appellants. Manderson L. Miles, Jr., argued.

Dale O. Cox, Orofino and Brady Law, Chtd., Boise, for respondents. Dale O. Cox and Kyle D. Duren argued.

_____

BURDICK, Justice

This appeal concerns the propriety of dismissing a counterclaim as a discovery sanction and the adequacy of an attorney fee award. We affirm the district court's dismissal of the counterclaim and remand the case to the district court on the issue of attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants Charles and Donna Nickerson (the Nickersons) hired Jay Lee d.b.a. Earth Construction to construct a level barn pad and to do some work on a pond on their property. In 2004 Lee filed suit against the Nickersons alleging the Nickersons did not pay him for his work on the pond. The complaint contained a $5,500 breach of contract claim, a $5,500 unjust enrichment claim, a $5,500 implied contract claim, and a $20,000 claim based on the

1

Nickersons' alleged refusal to allow Lee to retrieve his equipment left on the Nickersons' property. The Nickersons answered and counterclaimed asserting two claims of breach of contract, and claims for unjust enrichment, intentional torts per se, and intentional infliction of emotional distress.

During discovery the Nickersons refused to allow Lee on their property in order to inspect the property. The district court eventually dismissed the Nickersons' counterclaim as a discovery sanction. The case went to trial, and a jury found that the Nickersons did not breach any contract with Lee, that the Nickersons were not unjustly enriched, and that the Nickersons did not keep equipment belonging to Lee. Hence, the district court entered judgment in favor of the Nickersons and the district court awarded the Nickersons attorney fees. The Nickersons now appeal the dismissal of their counterclaim and the amount of their attorney fee award.

## II. ANALYSIS

The Nickersons argue the district court erred when it dismissed their counterclaim and that it erred in awarding the Nickersons an inadequate amount of attorney fees. Additionally, both parties request attorney fees on appeal. We address each issue below.

### A. Dismissal of the Nickersons' Counterclaim

On appeal the Nickersons assert the district court erred in dismissing their counterclaim. The district court dismissed the counterclaim as a discovery sanction when the Nickersons refused to allow Lee on their property to complete an inspection of the work site with his experts. The Nickersons' attributed their refusal to allow Lee on their property to an alleged incident in which Lee threw a clipboard at Donna Nickerson, ran Donna Nickerson over with his vehicle, and almost hit Jeannie Smith and Amanda Nickerson with his vehicle while on the Nickersons' property. First, we will review the relevant facts concerning the proceedings below, and then we will address the legal issue.

#### 1. Summary of proceedings and delays below

On June 5, 2005, Lee moved for an inspection of the Nickersons' property. This motion also requested costs and attorney fees "for having to file [the] Motion based upon the Nickersons' failure to cooperate with Earth Construction's request for inspection of the Nickersons' property." Kyle Duren, counsel for Lee, swore in an affidavit that on April 28, 2005, he advised the Nickersons' attorney, April Godbe, of Lee's desire to inspect the Nickersons' property and that in response Godbe requested she be provided with suggested dates

2

for the inspection. The parties then exchanged a series of letters; Lee proposed two dates for the inspection, the Nickersons rejected the dates without proposing an alternative date, and Lee requested they provide him with available inspection dates for the first part of June.

Duren's affidavit also stated he had a telephone conversation with Godbe on May 26, 2005, wherein Godbe told him the Nickersons refused the request to inspect the property. On May 27, 2005, Duren sent a letter to Godbe confirming the Nickersons' refusal and stating Lee would file an I.R.C.P. 34(a)(2) motion seeking an order to allow the inspection; Duren then filed the June 5, 2005, motion. After a hearing on June 27, 2005, the district court granted Lee's motion for inspection of property. The district court's order specifically provided that Lee and his experts were entitled to go upon the Nickersons' property for the purpose of inspection. The district court also ordered the Nickersons to provide dates and times for the inspection by July 1, 2005.

In September 2005, the district court permitted Godbe to withdraw as counsel for the Nickersons and Manderson Miles to replace her as their counsel. On September 15, 2005, Miles sent a letter to Duren confirming a conversation where Miles expressed the Nickersons' refusal to allow Lee on their property and provided inspection dates for Lee's experts ranging from October 19, 2005, to November 16, 2005. Miles sent another letter on October 14, 2005, stating it had been a month since he provided possible inspection dates, Lee had not responded choosing a date, and that the Nickersons found someone to work on their pond but the work had to be done the following week. Miles requested Duren let him know immediately if Lee still wanted an inspection. In return, Duren faxed a letter to Miles stating there was not enough notice to coordinate with Lee's experts to inspect the property before the repairs and that the first available date for Lee's experts to inspect the property was November 4, 2005. The letter also advised Miles that they "have deemed it necessary that Jay Lee be present for the inspection of the Nickersons' property in order to answer any of the expert consultants' inquiries that may arise." Additionally, the letter reminded the Nickersons that pursuant to the district court's order, Lee was permitted upon the property to conduct an inspection.

Lee also moved for a protective order preventing the Nickersons from performing any work on the Nickersons' property until after Lee's experts could inspect the property. The district court granted Lee's motion and entered a protective order. Thereafter, the Nickersons made a motion to move up the inspection and to bar Lee from their property. On October 20,

2005, the district court held a telephonic hearing on the motion. The court ruled Lee was entitled to assist in preparing his defense and would be allowed to accompany his experts to inspect the property.

During the telephonic hearing, the district court noted the Nickersons' history of preventing the inspection, stated its belief that Lee is entitled to assist his experts by participating in the inspection, and asked the Nickersons what restrictions the court could impose in order to address their concerns. The Nickersons responded there were no circumstances under which they would allow Lee on their property. The district court stated if the Nickersons were unwilling to accede to the court's authority, it would dismiss their counterclaim and enter a default against them. The district court offered to require the Nickersons' attorney and a deputy sheriff be present when Lee was on the property. The court then stated that before entering a default it would allow another hearing where the Nickersons could speak their concerns in person and continued the hearing until October 26, 2005.

At the October 26, 2005, hearing the Nickersons testified and expressed their concerns over Lee coming onto their property. During cross-examination Donna Nickerson stated that even if the district court entered an order allowing Lee to be present on the Nickersons' property and participate in the inspection, she would not obey it. After hearing the testimony, the district court stated if the Nickersons did not allow Lee on the property it would dismiss their counterclaim. The district judge then offered to accompany Lee on the inspection of the property, and the hearing was recessed so that the Nickersons could discuss this possibility with their attorney. The Nickersons still refused to allow Lee on their property. The district court dismissed the Nickersons' counterclaim but did not enter a default judgment on Lee's claims.

2. Analysis

It is within the discretion of the trial court to impose an I.R.C.P. 37(b) sanction dismissing a cause of action. *Ashby v. W. Council, Lumber Prod. & Indus. Workers*, 117 Idaho 684, 686, 791 P.2d 434, 436 (1990). A decision to impose a sanction of dismissal will "not be overturned on appeal absent a manifest abuse of discretion." *Id*. To determine whether there is an abuse of discretion this Court considers whether (1) the court correctly perceived the issue as one of discretion; (2) the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) the court reached its decision by an

4

exercise of reason. *State Ins. Fund v. Jarolimek*, 139 Idaho 137, 138-39, 75 P.3d 191, 192-93 (2003).

Due to the extreme nature of a dismissal with prejudice sanction, the trial court must consider three factors. *Id*. at 139, 75 P.3d at 193. "The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one 'aggravating' factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant."[1] *Id*. (quoting *Ashby*, 117 Idaho at 686-87, 791 P.2d at 436-37). The record must show the trial court considered the necessary factors. *Id*.; *Ashby*, 117 Idaho at 687, 791 P.2d at 437. "To sustain the imposition of sanctions, the trial court must make specific findings to support the award." *Blaser v. Riceci*, 119 Idaho 834, 836, 810 P.2d 1120, 1122 (1991).

When dismissing the Nickersons' counterclaim with prejudice, the trial court made the following findings and conclusions:

> Having considered and employed multiple alternatives, including less severe sanctions and extraordinary efforts to facilitate discovery, this Court concluded that sanctions less severe than dismissal of the counterclaim would be inadequate and ineffective. This Court further concluded that dismissing the Nickersons' Counterclaim was the only appropriate sanction under the circumstances. In arriving at these conclusions, this Court notes that prior lesser sanctions have been ineffective. The Court also notes the clear record of delay in this case because of the Nickersons' unwillingness to allow discovery. The Nickersons have denied or obstructed Jay Lee's access to the property since the litigation began. The Nickersons have been intransigent. This Court finds: (1) the Nickersons' intentional conduct caused delay; and (2) the Nickersons personally caused the delay. Without the ability to go on the Nickersons' land with his experts, Jay Lee could not effectively defend himself against the Nickersons' Counterclaim. Therefore, dismissal of the Counterclaim was appropriate.

The record shows the district court considered the necessary factors. The record also shows that the district court correctly perceived the issue to be a matter of discretion and that it reached its decision through an exercise of reason. The question then is whether the district

---

[1] The Nickersons argue the district court abused its discretion because it failed to consider the five factors set forth in *In re Hurt*, 210 F.3d 383 (9th Cir. 2000) (unpublished), and *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406 (9th Cir. 1990). However, those cases interpret the federal rule and are not controlling. Idaho has adopted the clear record of delay, ineffective lesser sanctions, and at least one aggravating factor test. *Fitzgerald v. Walker*, 113 Idaho 730, 733, 747 P.2d 752, 755 (1987).

court acted within the boundaries of its discretion. In this case, the district court's findings are supported by the record and its conclusions are supported by the law.

First, as detailed, there is a clear record of delay. The Nickersons' initial refusal to provide available inspection dates and continued refusal to allow Lee on their property resulted in various letter exchanges, motions, and hearings, and delayed the inspection.

Second, the record shows the district court imposed lesser sanctions prior to its dismissal of the counterclaim, and the record supports the district court's conclusion that lesser sanctions would be ineffective. Lesser sanctions include explicit warnings. *Ashby*, 117 Idaho at 687, 791 P.2d at 437 (discussing the existence of lesser sanctions and stating "[a]n award of costs and explicit warnings are among the appropriate preliminary measures which a trial court may take to force compliance with procedural rules before taking the drastic measure of dismissal with prejudice."). The district court warned the Nickersons during the two October hearings that their refusal to allow Lee on their property would result in a dismissal of their counterclaim. Furthermore, the record supports a conclusion that lesser sanctions would be ineffective. The Nickersons repeatedly asserted that under no circumstances would they allow Lee on their property.

Third, the record supports the district court's conclusion that the Nickersons' intentional conduct caused delay and that they personally caused the delay. The Nickersons argue there were delays in the case that they did not cause, such as moving the trial date. However, the obstreperous conduct need not be the only cause of delay—it need only cause some significant delay. The Nickersons' conduct delayed and completely prevented any inspection by Lee; their conduct also delayed the inspection by Lee's experts. These significant delays were caused by the Nickersons personally and resulted from their intentional conduct: their repeated refusal to allow Lee to participate in the inspection of their property under any circumstances.

Therefore, because the district court considered the necessary factors, made specific findings, and properly exercised its discretion, we affirm the dismissal of the Nickersons' counterclaim.

**B. Attorney Fees Below**

The Nickersons assert the district court's award of attorney fees below was inadequate and an abuse of discretion. The calculation of reasonable attorney fees is reviewed for an abuse of discretion. *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618

6

(2007). Abuse of discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004).

"When awarding attorney's fees, a district court must consider the applicable factors set forth in I.R.C.P. 54(e)(3) and may consider any other factor that the court deems appropriate." *Parsons*, 143 Idaho at 747, 152 P.3d at 618 (quoting *Hines v. Hines*, 129 Idaho 847, 855, 934 P.2d 20, 28 (1997)). Though it is not necessary the court address all of the I.R.C.P. 54(e)(3) factors in writing, the record must clearly indicate the court considered all of the factors. *Id*.

The district court's award of attorney fees to the Nickersons was based on I.C. § 12-120(3). The Nickersons filed a motion for attorney fees and filed a memorandum of costs and attorney fees in which the claimed attorney fees totaled $72,976.25. In a subsequent hearing on December 4, 2006, the district court observed the Nickersons did not break up their attorney fees based on the different causes of action. The Nickersons' attorney said he would try to break up the fees and stated the majority of his time was spent related to issues concerning the contract dispute. The Nickersons then submitted an amended memorandum of costs and attorney fees in which Miles, counsel for the Nickersons, asserted he removed any fees relating to the counterclaim or the $20,000 tort claim from the total.

The Nickersons first argue the district court erred because the court needed to make specific written findings as to the basis and reason for awarding fees when awarding fees pursuant to I.C. § 12-120(3), just as is required when a district court awards fees pursuant to I.C. § 12-121. The Nickersons then assert the trial court's findings were incomplete because it made no finding as to why a higher amount was not awarded. However, there is no support for the Nickersons' argument that the district court was required to make a specific written finding explaining why it did not award a higher amount of fees. When a court awards attorney fees pursuant to I.C. § 12-121 it must make a written finding as to the basis and reasons for awarding the attorney fees. I.R.C.P. 54(e)(2). There is no similar requirement for attorney fee awards pursuant to I.C. § 12-120(3). Rather, the law is clearly settled that when awarding attorney fees in a civil action, the district court must consider the I.R.C.P. 54(e)(3) factors, but need not make specific written findings on the various factors. *E.g.*, *Parsons*, 143 Idaho at 747, 152 P.3d at

618; *Empire Fire & Marine Ins. Co. v. N. Pacific Ins. Co.*, 127 Idaho 716, 720, 905 P.2d 1025, 1029 (1995). In this case, the court clearly stated both during the hearing and in its written order that it considered all of the I.R.C.P. 54(e)(3) factors. Thus, the failure to make any additional specific written findings was not erroneous.

The Nickersons also argue they were required to defend all of the issues in the case, not just those relating to the contract issue and that they should be awarded the entire amount of fees expended to defend the case.[2] Idaho Code 12-120(3) provides that "[i]n any civil action to recover on [a] . . . contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court . . . ."

The district court correctly stated it would not award any attorney fees relating to the Nickersons' counterclaim, which was dismissed. Since the Nickersons' counterclaim was dismissed they are not the prevailing parties on that claim and are not entitled to attorney fees for that claim.

The district court also stated that pursuant to I.C. § 12-120(3) the Nickersons would be entitled to recover attorney fees under the unjust enrichment and breach of contract causes of action, but that the statute did not entitle them to fees for the tort claim. The statute states that in any civil action to recover on a contract and in any commercial transaction, the prevailing party shall be awarded a reasonable attorney fee. I.C. § 12-120(3).

At the time the district court made its ruling, it did not have the benefit of our decision in *Blimka v. My Web Wholesaler, LLC.*, 143 Idaho 723, 152 P.3d 594 (2007). In *Blimka* we observed that I.C. § 12-120(3) does not prohibit attorney fees for commercial transactions involving tortious conduct when "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Id*. at 728, 152 P.3d at 599 (quoting *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990)). In this case, the commercial transaction, the parties' contract, initiated the presence of

---

[2] The Nickersons additionally assert they should be awarded the entire amount of costs. However, the Nickersons do not point to any specific discretionary costs denied by the district court or make any arguments showing why the district court's denial of any specific discretionary cost was an abuse of discretion. On the issue of costs, the Nickersons merely make one conclusory statement and cite to a case reciting the standard of review applied when examining a district court's award of discretionary costs. This Court will not consider any issue when a party fails to support it with argument or authority. *Lamprecht v. Jordan, LLC*, 139 Idaho 182, 187, 75 P.3d 743, 748 (2003). Thus, we decline to review the district court's award of discretionary costs.

Lee's equipment on the Nickersons' property and is integral to Lee's claim. Therefore, the Nickersons are entitled to reasonable attorney fees pursuant to I.C. § 12-120(3) relating to their defense of Lee's $20,000 tort claim.

Consequently, we vacate the award of attorney fees to the Nickersons and remand with instructions that when determining a reasonable amount of attorney fees, the district court is to also consider any fees attributable to the defense of the $20,000 tort claim. Since we remand the case on this basis, it is unnecessary to address the Nickersons' remaining argument that the district court's award of attorney fees was inadequate and an abuse of discretion.

**C. Attorney Fees on Appeal**

Lee requests an award of attorney fees on appeal pursuant to I.C. § 12-121. That statute allows an award of "reasonable attorney's fees to the prevailing party . . . ." I.C. § 12-121. Attorney fees are awarded to the prevailing party only if the Court determines that the appeal was brought or defended pursued frivolously, unreasonably or without foundation. *Fisk v. Royal Caribbean Cruises, Ltd.*, 141 Idaho 290, 295, 108 P.3d 990, 995 (2005). Here, there are two issues on appeal, and Lee prevails only on one of them. Therefore, we hold Lee is not the prevailing party and is not entitled to an award of attorney fees on appeal pursuant to I.C. § 12-121. *See Howard v. Perry*, 141 Idaho 139, 143-44, 106 P.3d 465, 469-70 (2005).

The Nickersons request an award of attorney fees on appeal pursuant to I.C. § 12-120(3). Idaho Code § 12-120(3) requires an award of reasonable attorney's fees to the prevailing party in a civil action to recover on any commercial transaction. Here, the Nickersons did not prevail on the issue of the dismissal of their counterclaim. In this appeal, the Nickersons also asserted that as the prevailing party below they were entitled to attorney fees for expenses related to their counterclaim and to their defense of Lee's tort claim. We agreed that when awarding fees the district court should have considered the Nickersons' defense of the tort claim, but we have affirmed the district court's ruling that it would not consider attorney fees related to the Nickersons' counterclaim. Therefore, we hold that as to this appeal, the Nickersons are not the prevailing party, and thus, are not entitled to an award of attorney fees on appeal pursuant to I.C. § 12-120(3).

9

### III. CONCLUSION

We affirm the district court's dismissal of the Nickersons' counterclaim. We vacate the award of attorney fees to the Nickersons and remand on the issue of attorney fees. We award no attorney fees on appeal. We do not award costs to either party.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**