IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 35063

STATE OF IDAHO,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Boise, February 2010 Term
　　　　Plaintiff-Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　2010 Opinion No. 109
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Filed: October 13, 2010
LUIS JAMES PIERCE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Stephen Kenyon, Clerk
　　　　Defendant-Appellant.　　　　　　)

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

The decision of the district court is affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Jason Pintler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Rosemary Emory argued.

_____

HORTON, Justice

Luis Pierce (Pierce) appeals the district court's order revoking probation and ordering him to serve his previously suspended sentence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On the evening of March 6, 2006, Luis Pierce pulled down the underwear of a four-year-old girl, M.B., to look at her genital area for his sexual gratification. He was arrested later that same night. The following day, the State filed a complaint charging Pierce with sexual abuse of a child under sixteen years of age (sexual abuse), a violation of I.C. § 18-1506. At his initial appearance, a preliminary hearing was scheduled for March 20, 2006. On the day of the scheduled hearing, the prosecuting attorney moved to dismiss the complaint because the complaint failed to assert that Pierce was eighteen years of age or older, an element required by I.C. § 18-1506. The motion was granted. The following day, the State filed a new complaint charging Pierce with sexual abuse, this time including the allegation that Pierce was over eighteen at the time of the crime.

1

On April 4, 2006, following a preliminary hearing, Pierce was held to answer to the district court for the charge of sexual abuse. On April 5, 2006, the prosecutor filed an information[1] charging Pierce with sexual abuse. On August 1, 2006, Pierce pleaded guilty to the charged offense. A sentencing hearing was held on October 25, 2006, and the district court sentenced Pierce to a term of fifteen years, with five years fixed, and retained jurisdiction.

On April 5, 2007, the district court exercised jurisdiction and placed Pierce on probation for a term of fourteen years. Seven months later, the State filed a motion for probation violation. Pierce admitted to violating his probation and on February 8, 2008, the district court revoked his probation and ordered execution of the previously suspended sentence. Pierce timely appealed.

Pierce asserts two issues on appeal. First, Pierce claims for the first time on appeal that his judgment must be vacated because the district court lacked subject matter jurisdiction. This argument is based upon the provision of Article I, § 8 of the Idaho Constitution[2] that "after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of public prosecutor." Second, Pierce claims the district court abused its discretion by revoking his probation and ordering his original sentence into execution.

## ISSUES ON APPEAL

1.      Whether Pierce's conviction must be vacated for lack of subject matter jurisdiction.

2.      Whether the district court abused its discretion by revoking Pierce's probation and requiring him to serve the previously suspended sentence.

## ANALYSIS

### I.      Pierce's conviction will not be vacated for lack of subject matter jurisdiction.

---

[1]  Oddly, given the reason for the original dismissal of the complaint, neither the commitment holding Pierce to answer to the district court nor the information alleged that Pierce was eighteen years of age or older at the time of the offense. These omissions are not at issue in this appeal.

[2]  Article 1, § 8 of the Idaho Constitution provides:

> PROSECUTION ONLY BY INDICTMENT OR INFORMATION. No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger; provided, that a grand jury may be summoned upon the order of the district court in the manner provided by law, and provided further, that after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor.

Pierce asks this Court to vacate his conviction for want of subject matter jurisdiction. Pierce asserts that a grand jury ignored[3] the sexual abuse charge and consequently, despite the State having filed an information, the district court lacked subject matter jurisdiction.

Pierce's claim that a grand jury ignored the sexual abuse charge is predicated upon a single sentence uttered by the deputy prosecuting attorney at the time of his sentencing hearing. When offering photographs as a supplement to the presentence report, the prosecutor stated "These were shown to the grand jury as well." Although he agreed to the inclusion of the photographs in the presentence report, Pierce's attorney did not comment on the reference to grand jury proceedings. Indeed, Pierce did not raise the question whether the sexual abuse charge was presented to a grand jury at any time during the proceedings before the district court.

Instead, Pierce first raised this issue upon appeal from the district court's order revoking his probation. On October 14, 2006, Pierce filed a motion with this Court to obtain an order requiring the district court to augment the record with a transcript of "grand jury proceedings, if they exist, held to determine whether probable cause existed to indict Mr. Pierce for crimes related to his alleged conduct against [M.B]. . . ." Pierce also sought an order requiring the district court to augment the record to include any document, if one exists, showing the grand jury declined to indict and in the alternative, if no grand jury proceeding occurred, a written statement indicating such. In response, this Court entered an order requiring the district court to "search their records and report whether any grand jury proceeding was initiated as to Defendant Luis James Pierce and report existence or non-existence of the same . . . ." The Ada County Clerk responded to the order, writing that three grand jury proceedings may have taken place

---

[3] In the context of grand jury proceedings, the verb "ignore" does not have the ordinary meaning of "disregard." Rather, it means: "To reject as groundless, false or unsupported by evidence; as when a grand jury *ignores* a bill of indictment." BLACK'S LAW DICTIONARY 673 (5th ed. 1979). The origin of this definition is found in Blackstone's Commentaries:

> When the grand jury have heard the evidence, if they think it a groundless accusation, they used formerly to endorse on the back of the bill, "*ignoramus*;" or, we know nothing of it; intimating, that though the facts might possibly be true, that truth did not appear to them: but now, they assert in English, more absolutely, "not a true bill;" and the party is discharged without farther answer."

4 W. Blackstone, Commentaries *301.

during the time frame in question, but records of those proceedings were not received by the office of the clerk.[4]

Pierce claims the information filed by the State did not confer subject matter jurisdiction on the district court because a grand jury proceeding was held before the information was filed and failed to indict. We do not decide whether the record before this Court is sufficient to support Pierce's claim that his rights guaranteed by Article I, § 8 of the Idaho Constitution were violated because we find that this claim was not preserved for consideration on appeal.

This Court has consistently held that "[s]ubject matter jurisdiction in a criminal case is conferred by the filing of an 'information, indictment, or complaint alleging an offense was committed within the State of Idaho.'" *State v. Jones,* 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004) (quoting *State v. Rogers,* 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004)). *See also State v. Lampien*, 148 Idaho 367, 372, 223 P.3d 750, 755 (2009); *State v. Quintero*, 141 Idaho 619, 621, 115 P.3d 710, 712 (2005).

This Court has previously considered the question whether a grand jury's failure to indict deprives the district court of subject matter jurisdiction. In *State v. Wilson*, 41 Idaho 598, 242 P. 787 (1925), the defendant asserted that the district court erred in refusing to quash the information. The motion to quash was predicated upon evidence that the grand jury had considered and ignored the charge. *Id*. at 606, 242 P. at 789. Despite Wilson's attorney's insistence that this "raised a jurisdictional question of the highest order," *id*., the challenge was rejected by a majority of the Court due to the appellant's failure to include the action of the trial court in a special bill of exceptions as was then required. *Id*. at 602, 242 P. at 787. There can be no doubt that the Court specifically considered the jurisdictional question, as Chief Justice William A. Lee vigorously dissented, asserting that the Court had the obligation to resolve the jurisdictional question, stating:

> The state has seen fit, by its organic law, to deprive itself of a right to prosecute any one upon a criminal charge after such charge has been ignored by a

---

[4] Pierce filed a second motion to augment the record. Among other requests, Pierce sought an order requiring the district court to "conduct an *in camera* review of all recordings, stenographic or electronic, occurring in Grand Jury Proceedings Nos. 22, 23, 24, likely occurring in March of 2006, to determine whether any of [those] proceedings involved Mr. Pierce's alleged conduct against [M.] B. on March 6, 2006." Pierce also asked this Court to order the district court to reveal whether such proceedings occurred and if so, to provide the grand jury number. In the alternative, if it was not possible for the court to review the grand jury proceedings, Pierce sought an order requiring the district court to explain why it could not make such a review. This Court denied Pierce's motion.

4

grand jury, and the question of whether such a charge has been ignored is always a jurisdictional one.

*Id.* at 613, 242 P. at 791 (C.J. Lee, dissenting).

Our conclusion that the language upon which Pierce relies does not deprive the court of subject matter jurisdiction is reinforced by another decision from this Court interpreting another portion of the same constitutional provision. Article I, § 8, contains two prohibitions against being "held to answer." The first is in the provision stating, "No person shall be *held to answer* for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate . . . ." The second is in the provision stating "that after a charge has been ignored by a grand jury, no person shall be *held to answer*, or for trial therefor, upon information of the public prosecutor."

In *In re Marshall*, 6 Idaho 516, 56 P. 470 (1899), the defendant sought a writ of habeas corpus after his conviction in the district court contending that he had not had a preliminary examination nor did he waive it. This Court denied that claim, holding, "If the defendant had no preliminary examination, and did not waive same, he should present that question to the trial court when called on to plead or be held to have waived it." *Id.* at 518, 56 P. at 471 (citing *State v. Clark*, 4 Idaho 7, 35 P. 710 (1894), *State v. Larkins*, 5 Idaho 200, 47 P. 945 (1897)). If the phrase that "no person shall be held to answer" for a felony without a presentment or indictment of a grand jury or an information filed by the prosecutor after commitment by a magistrate were interpreted to be a limitation on the subject matter jurisdiction of the court, that lack of jurisdiction could not have been waived. *Wayne v. Alspach*, 20 Idaho 144, 150, 116 P. 1033, 1035 (1911) ("If the court had not jurisdiction over the subject matter, jurisdiction cannot by appearance or in any manner be conferred whereby the parties will be bound, and such defect of jurisdiction is not waived by appearance.").

There is no reason to believe that the words "no person shall be held to answer" have different meanings within the same section of the Idaho Constitution. The first provision prohibiting a person from being held to answer in the district court on an information without a commitment by a magistrate after a preliminary examination does not limit the subject matter jurisdiction of the district court. There is no basis for holding that the latter provision, using identical language, limits the district court's subject matter jurisdiction. If a defendant does not timely assert the claim that the charge was ignored by a grand jury, that objection is waived.

5

In view of this Court's decision in *Wilson*, under our current rules of criminal procedure, the appropriate course of action in cases wherein a grand jury has ignored the charge and returned a not true bill is for the defendant to move for dismissal pursuant to I.C.R. 12(b). The failure to do so constitutes a waiver of the issue in the criminal action.[5] *In re Marshall*, 6 Idaho at 518, 56 P. at 471; I.C.R. 12(f). This treatment is consistent with our approach to another right of criminal defendants guaranteed by the Idaho Constitution, namely, the freedom from double jeopardy found in Art. 1, § 13. In *State v. Huston*, 121 Idaho 738, 828 P.2d 301 (1992), this Court, in an opinion authored by Justice Bistline, unanimously concluded that a criminal defendant's failure to timely assert a claim of double jeopardy barred him from asserting that claim on appeal. *Id*. at 740, 828 P.2d at 303.

For the foregoing reasons, we hold that once the information was filed, the district court had subject matter jurisdiction over the action and Pierce's claim that the grand jury ignored the charge was waived by his failure to raise the issue before the district court.

## II. The district court did not abuse its discretion when revoking Pierce's probation and ordering his suspended sentence into execution.

As previously noted, the district court sentenced Pierce to a term of fifteen years, with five years fixed, and retained jurisdiction. The district court later entered an order suspending the sentence and placing Pierce on probation. The State thereafter filed a motion for probation violation. Pierce admitted to violating three conditions of probation: (1) failing to pay costs and fees; (2) failing to attend or successfully complete a sex offender treatment program; and (3) frequenting places where minors congregate. The remaining alleged violations were dismissed. The district court revoked Pierce's probation and imposed the previously suspended sentence.

On appeal, Pierce asserts that the district court abused its discretion and that his "sentence of fifteen years, with five years fixed, is excessive considering the nature of his criminal act and his actions since that time." Pierce asserts that his offense, while deserving of punishment, was not severe because he simply pulled down M.B.'s pants with no intent to touch her. Pierce notes that the psychosexual evaluation concluded that he presents a low risk of reoffending. Pierce also indirectly asserts he is a changed man. In support of his argument, Pierce writes that he has obtained the support of his family and friends, and that he wrote a letter to the court accepting

---

[5] This statement should not be construed as indicating an opinion regarding the merits, if any, of a subsequent

responsibility for his actions and the pain he caused M.B. and her family. Pierce argues that he has not engaged in criminal activity, consumed drugs or alcohol or re-offended since his release.

Once a probation violation has been established, the decision whether to revoke probation and impose a suspended sentence is within the discretion of the trial court. *State v. Blake,* 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). It is well-established that "[w]here a sentence is within statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence." *State v. Jackson*, 130 Idaho 293, 294, 939 P.2d 1372, 1373 (1997) (quoting *State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979)). The standard of review of a criminal sentence is also well-established: "In examining the reasonableness of a sentence, the Court conducts an independent review of the entire record available to the trial court at sentencing, focusing on the objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public; (3) possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *State v. Stevens*, 146 Idaho 139, 148, 191 P.3d 217, 226 (2008) (citing *State v. Cross,* 132 Idaho 667, 671, 978 P.2d 227, 231 (1999)). "To determine whether there is an abuse of discretion this Court considers whether (1) the court correctly perceived the issue as one of discretion; (2) the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) the court reached its decision by an exercise of reason." *Lee v. Nickerson*, 146 Idaho 5, 9, 189 P.3d 467, 471 (2008) (citing *State Ins. Fund v. Jarolimek*, 139 Idaho 137, 138-39, 75 P.3d 191, 192-93 (2003)).

In this case, the district court correctly perceived the issue to be one of discretion. The court acted consistently with applicable legal standards, explicitly stating that it had considered "the objectives of protecting society and achieving deterrence, rehabilitation, retribution or punishment." The district court did not act beyond the bounds of its discretion when imposing the suspended sentence. The court articulated the reasons why it felt that revocation of Pierce's probation was appropriate. The court explained that Pierce was aware of his obligations while on probation, the significance of those obligations and the court's conclusion that Pierce had consciously elected to disregard those obligations. Having reviewed this record, we conclude that the district court did not abuse its discretion when revoking Pierce's probation and ordering his suspended sentence into execution.

---

petition for post-conviction relief alleging ineffective assistance of counsel for failure to make such a motion.

## CONCLUSION

We find that Pierce has waived his claim that the district court did not have subject matter jurisdiction and that the district court did not abuse its discretion when revoking Pierce's probation and imposing his previously suspended sentence.

Chief Justice EISMANN and Justices BURDICK and J. JONES **CONCUR**.

W. JONES, Justice, concurrence

I concur with the outcome of the Court, affirming the district court, but I respectfully disagree with the ground upon which the Court relied in deciding the first issue. Without addressing whether the record is sufficient to support Pierce's claim, the Court holds that the district court had subject-matter jurisdiction once the information was filed and that Pierce's claim that the grand jury heard and ignored the charge before the information was filed, in violation of Article I, § 8 of the Idaho Constitution, was an affirmative defense that was waived by Pierce's failure to raise the issue before the district court.

In rendering its decision, the Court, without fully analyzing the validity of the constitutional argument, has determined that Article I, § 8 of the Idaho Constitution is not jurisdictional and Pierce's argument under it was waived when Pierce failed to raise the issue in the district court. Thus, the Court in effect interpreted Article I, § 8 to be an affirmative defense because if it is jurisdictional, it could not be waived by Pierce's failure to assert it in the district court. Subject matter jurisdiction can be raised "at any time, including for the first time on appeal." *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004).

It is my position that the Court put the cart before the horse in reaching the constitutional question, since there is an inadequate record demonstrating that the grand jury actually heard and ignored the charged offense. It is a fundamental principle of our jurisprudence that courts pass on deciding constitutional issues if the case can be decided without addressing the constitutional question. *Rescue Army v. Mun. Court of City of L.A.*, 331 U.S. 549, 570 n.34, 67 S. Ct. 1409, 1420 n.34 (1947) (quoting *Ala. State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461, 65 S. Ct. 1384, 1389 (1945) ("It has long been the Court's 'considered practice not to decide abstract, hypothetical or contingent questions . . . or to decide any constitutional question in advance of the necessity for its decision . . . .'"); *Alma Motor Co. v. Timken-Detroit Axle Co.*, 329 U.S. 129, 136, 67 S. Ct. 231, 234 (1946) ("If two questions are raised, one of non-constitutional and the

8

other of constitutional nature, and a decision of the non-constitutional question would make unnecessary a decision of the constitutional question, the former will be decided."); *Thompson v. Hagan*, 96 Idaho 19, 24, 523 P.2d 1365, 1370 (1974) (stating that "[i]t is an accepted rule of statutory construction that constitutional issues should be avoided . . . .").

The appellant has the burden of providing a record upon which this Court can assess the merit of the issues on appeal. *State v. Mowrey*, 128 Idaho 804, 805, 919 P.2d 333, 334 (1996). Pierce admits he is unable to provide documentation conclusively showing that the grand jury heard and ignored the charge. Pierce bases his argument that the grand jury was convened upon a statement of the prosecutor at the sentencing hearing. When introducing two photos from the pre-sentence investigation, the prosecutor stated: "These were shown to the grand jury as well." Pierce argues that the prosecutor's statement shows that a grand jury was convened and contends that the absence of the grand jury record demonstrates that the grand jury ignored the charge. Pierce asserts that I.C.R. 6.6(c) provides that grand jury records shall only be returned to the district court if an indictment is obtained. Pierce also relies upon the district court clerk's response to an order that three grand jury proceedings may have taken place during the time frame in question, but the records were not received by the clerk's office. Pierce contends that therefore the prosecutor's statement, combined with the absence of the grand jury record, demonstrates that the grand jury was convened and ignored the charge.

Nonetheless, it is my contention that there is an insufficient record to address the merits of the constitutional question. Even if Pierce can demonstrate that the grand jury was convened, there is no proof that the same crime for which Pierce was charged in the information was presented to the grand jury. Pierce was charged by information pursuant to I.C. § 18-1506 with the sexual abuse of a child under sixteen years of age. A number of charges for the same act could have been presented to the grand jury. For example, a claim of lewd conduct with a minor child under I.C. § 18-1508[5] may have been presented to the grand jury. Article I, § 8 would not

---

[5] Idaho Code § 18-1508 provides:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child,

apply unless the grand jury was convened and ignored the "same charge" for which the defendant was later charged by information.  There is no record on that point.

Because Pierce has not produced an adequate record, the appeal should be dismissed on that basis and there is no need to rule upon the constitutional question.  By deciding the constitutional issue that Article I, § 8 is not jurisdictional, the Court has ignored the longstanding rule that courts will not rule on constitutional issues when the case can be decided on non-constitutional grounds.  In determining that the appeal can be dismissed on the basis that appellant failed to produce an adequate record, I am not commenting either way on whether Article I, § 8 limits subject-matter jurisdiction or is an affirmative defense.  I will maintain a neutral position until the question must be addressed in a prospective case.

---

or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.