IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45723

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 12, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TODD LAYNE HALL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Cheri Copsey, District Judge.

Order revoking probation and executing original sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Todd Layne Hall appeals from the district court's order revoking his probation and executing his underlying sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2011, Hall stabbed a coworker in the abdomen after being startled while using a knife to detail a car. The State charged Hall with aggravated battery with a deadly weapon enhancement. Hall pled guilty to aggravated battery in exchange for the State dismissing both the enhancement and a separate charge of possession of methamphetamine.

The district court imposed a sentence of eight years with four years determinate, retained jurisdiction, and placed Hall on a rider. After Hall successfully completed his rider program, the district court suspended Hall's sentence and placed him on probation. In November 2013, the

1

State filed a motion to revoke Hall's probation, alleging he had violated his probation by leaving the scene of an accident, driving without privileges, driving without insurance, committing petit theft, consuming alcohol in a bar, and driving under the influence. Hall admitted to some of these violations, and the district court revoked his probation, executed his underlying sentence, retained jurisdiction a second time and placed him on a second rider. In May 2015, Hall successfully completed his second rider and was placed on probation again.

In January 2017, the State again moved to revoke Hall's probation, alleging he had violated his probation by drinking alcohol and using methamphetamine. Hall admitted to these violations, and the district court revoked his probation, retained jurisdiction, and placed Hall on a third rider. Following that period of retained jurisdiction, the district court suspended Hall's sentences and again placed him on probation.

In October 2017, Hall appeared in court and admitted violating his probation by drinking alcohol and using methamphetamine. He requested that he be allowed to apply for mental health court, and the district court continued his disposition hearing to allow him to apply. The continued disposition hearing occurred several months later, in January 2018, by which time mental health court either had not received Hall's application or had not yet processed it.

The district court decided to proceed with the hearing, and Hall did not object to proceeding despite his claim that he had filed an application to participate in mental health court. During the hearing, the district court took judicial notice of Hall's sentencing materials, including his presentence investigation report, amended presentence investigation reports and a 2011 mental health assessment. Hall did not object to the court taking judicial notice of these materials.

After hearing Hall's testimony and counsels' argument, the district court revoked Hall's probation and ordered his underlying sentence to be executed. In doing so, the district court stated its primary concern was the community's protection. In support, it noted Hall's lengthy criminal history; his repeated probation violations; and the undue risk Hall would commit another crime. Additionally, the district court focused on Hall's antisocial personality disorder diagnosis in his 2011 mental health assessment and repeatedly stated Hall had no evidence of any mental health issues. Hall timely appeals.

## II.

## STANDARD OF REVIEW

Once a probation violation has been established, whether to revoke probation and impose a suspended sentence is within the district court's discretion. *State v. Pierce*, 150 Idaho 1, 5, 244 P.3d 145, 149 (2010). When reviewing a district court's discretionary decision, this Court conducts a multi-tiered inquiry to determine whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Hall argues the district court abused its discretion. He asserts the district court abused its discretion by failing to consider his mental health concerns, ignoring mitigating factors, and penalizing him as a "career criminal" with "anti-social personality disorder."

We disagree that the district court revoked Hall's probation to "penalize" him for being a "career criminal" with an "anti-social personality disorder" without supporting evidence. The court based its reference to Hall's anti-social personality disorder on his 2011 mental health assessment. Before revoking Hall's probation, the court took judicial notice of this assessment, and Hall did not object. The court's apparent purpose in referring to the assessment was to emphasize Hall's general disregard for the rules of society as evidenced by his lengthy criminal history beginning in 1991 when he was sixteen years old. This history included, among other things, Hall's seven juvenile adjudications, twenty-two citations, thirty-three misdemeanor convictions, five felony convictions, numerous probation violations and his continued use of alcohol and methamphetamine. After recounting Hall's lengthy criminal history, the district court referred to Hall as a "career criminal." Albeit a harsh label, ample evidence supports the district court's conclusion that Hall poses an undue risk for committing further crime and that revocation of his probation is necessary to protect society.

We also disagree that the district court abused its discretion by not considering the mitigating factors Hall identifies on appeal. These factors include the support of a friend and of Hall's boss; positive on-line customer reviews of his work performance at a tobacco shop; his

substance abuse; his troubled childhood as the youngest of four children of divorced parents; and what Hall refers to (without definition or description) as "other prosocial factors." Although the district court did not mention these factors in revoking Hall's probation, Hall did not emphasize them in opposing that revocation. Moreover, that the court did not elevate Hall's alleged mitigating factors over the need to protect society does not establish an abuse of discretion. *See State v. Felder*, 150 Idaho 269, 276-77, 245 P.3d 1021, 1028-29 (Ct. App. 2010).

Hall also argues that the district court erred by concluding there was no evidence he suffered from certain mental health issues. The district court repeatedly stated during the hearing that no evidence supported that Hall suffers from any mental health issues. The State points out that the most recent mental health evaluation by a mental health professional is a 2011 evaluation indicating Hall has an antisocial personality disorder, which is not a treatable mental health issue. The State also acknowledges, however, that information in the record suggests Hall has at least self-reported mental health issues and has previously been treated for mental health issues. Hall's presentence investigation reports, updates, and attachments (of which the district court took judicial notice) contain this information.

While the district court's repeated pronouncements that nothing in the record supports Hall's claim of mental health issues are incorrect, the error is harmless. This Court has previously held that:

> Ordinarily, when a discretionary ruling has been tainted by a legal or factual error, we vacate the decision and remand the matter for a new, error-free discretionary determination by the trial court. However, the remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. Thus, if we are convinced, beyond a reasonable doubt, that the [erroneous] finding did not affect the sentence imposed by the district court, we will conclude that, notwithstanding the erroneous finding [], [the defendant] is not entitled to a new sentencing hearing.

*State v. Medrain*, 143 Idaho 329, 333, 144 P.3d 34, 38 (Ct. App. 2006) (internal citations omitted) (holding erroneous persistent violator finding did not affect sentence); *see also State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995) (affirming probation revocation).

In this case, we are convinced beyond a reasonable doubt that even if the district court erred, it did not affect Hall's sentence. The district court's revocation of Hall's probation is supported by his lack of rehabilitation and his risk to public safety. The record establishes the court revoked Hall's probation because of Hall's repeated probation violations, which indicate a willingness to disregard the law in the future. For example, immediately after finding Hall

4

committed knowing and voluntary violations of his probation, the court stated, "[m]y primary concern, quite frankly, Mr. Hall, is protection of the community." Further, referencing Hall's repeated probation violations after his multiple rider programs, the court concluded, "I believe that placing you on probation would create an undue risk that you would commit another crime because that's what you've done every single time you've been on probation."

Based on these comments, we are not persuaded the district court abused its discretion in revoking Hall's probation. The protection of society is the primary consideration and must be subservient to other factors. *See Felder*, 150 Idaho at 276, 245 P.3d at 1028 (not elevating mitigating factor over need to protect society does not establish abuse of discretion). We are convinced beyond a reasonable doubt that, even if the district court had acknowledged the possibility Hall may suffer from certain mental health issues, the district court would have revoked Hall's probation and executed his sentence.

## IV.
## CONCLUSION

Hall has failed to show the district court abused its discretion when it revoked Hall's probation and executed his original sentence. Therefore, the district court's order is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.